## Wessell & Co. *versus* Glenn.

1. The addition of a place of payment in the body of a promissory note, by the maker, after its indorsement for his accommodation, by filling in a blank in a printed form which was preceded by the word " at," is not such an alteration of the note as will discharge the indorser.

2. Where one indorses for the accommodation of the maker, a promissory note, in which the place of payment is left blank, it will be presumed that he knew that unless the blank were filled it could not be used for the purpose intended, and that he authorized the maker to fill in the place of payment.

November 10th, 1884. Before Mercur, C. J., Gordon, Trunkey, Sterrett, Green and Clark, JJ. Paxson, J., absent.

[Wessell v. Glenn.]

ERROR to the Court of Common Pleas No. 1, of *Allegheny county:* Of October and November Term, 1884, No. 202.

Assumpsit, by Charles Wessell, doing business as C. Wessell & Co. (second indorser), against James Glenn (first indorser), on the following promissory note:

$400 $\frac{00}{100}$.                       PITTSBURGH, *January* 29, 1883.

   *Ninety days* after date *we* promise to pay to the order of *James Glenn,* Four Hundred $\frac{00}{100}$ Dollars at **West End Savings Bank,** Without defalcation value received.

               LONG & SON.

Indorsed:

  JAS. GLENN,
  C. WESSELL & CO.,
  LONG & SON.

On the trial, before COLLIER, J., the following facts appeared:

The note in suit was made by filling up a printed form. The plain type show the printed form, and the italics the writing filled in at the time the note was signed by Long & Son and indorsed by the defendant. The words, "West End Savings Bank," in heavy type, were filled in after the indorsement under the circumstances stated below.

This note was given in part renewal of a prior accommodation note, between the same parties, for $500, which had been discounted by the West End Savings Bank, and which fell due January 29th, 1883.

Robert Long, of the firm of Long & Son, called at the office of James Glenn to procure his (Glenn's) indorsement of the renewal note. Mr. Glenn's clerk, Walter Robb, was directed either by Glenn or Robb to draw a note, and he drew the note in suit, leaving the space for the insertion of the place of payment blank. It was then signed by Long & Son and indorsed by James Glenn. Long took the note and procured the indorsement of C. Wessell & Co., and then took it to the bank. The cashier declined to take it unless it was made payable at some bank, whereupon Long inserted in the blank for the place of payment the words, "West End Savings Bank." The cashier then accepted it in part renewal of the other note, and $100 was paid in cash. When the renewal note fell due, demand for payment was made at the West End Savings Bank, and there being no funds there to meet it, it was protested and the indorsers duly notified. Wessell & Co. paid the note at bank, and brought this suit against James Glenn, the first indorser.

The plaintiff presented the following points: .

1. That under the evidence in the case the verdict should be for the plaintiff.

Refused.

2. That under the facts disclosed by the evidence the makers, Long & Son, had authority to insert the place of payment in the note.

Refused.

The defendant presented the following points :

1. That under the evidence in this case the plaintiff is not entitled to recover.

Affirmed.

2. That, inasmuch as the undisputed evidence in this case shows that the note in suit was indorsed by the defendant for the accommodation of Long & Son, and after said indorsement said note was changed by the insertion of the words, "West End Savings Bank," as the place of payment, without his knowledge or consent, by said Long in the presence and at the request of the said bank, who discounted the note and held it at maturity, and no demand for payment was made of the makers in person or at their place of business, the plaintiffs are not entitled to recover.

Affirmed.

The court instructed the jury to find for the defendant. Verdict accordingly for the defendant, and judgment thereon. The plaintiff took this writ of error, assigning for error the instruction of the court.

*A. M. Brown* and *Levi Bird Duff*, for the plaintiffs in error. —The courts of this state have not strictly followed the technical rule, that an alteration of a promissory note will, under all circumstances, render it void. Inquiry is always permitted into the circumstances attending the alteration, and if it is shown to have been made with the consent of the parties, or innocently and without injury to any one, it will not prevent a recovery. In Southwark Bank *v.* Gross, 35 Pa. St. 80, adding a particular place of payment without the consent of the maker was held to be a material alteration, but the question as to whether the alteration was authorized was submitted to the jury. In Kountz *v.* Kennedy, 63 Pa. St. 187, the holder of the note was permitted to show that the alteration was made with the consent of the maker and afterwards erased, and he recovered against an accommodation indorser. In Hepler *v.* Mt. Carmel Savings Bank, 97 Pa. St. 420, the holder of the note was permitted to show that the alteration was made to correct a mistake, and a recovery was sustained in this court. In Kountz *v.* Kennedy, *supra*, it is said by

[Wessell v. Glenn.]

THOMPSON, C. J.: "There is no subject in the books which has occupied a larger share of attention than questions of the alterations of writings, but after all that has been said each case must stand much more on its own facts than upon the rules announced in any given case." We claim that the facts in this case show that the alteration complained of was made before the note was issued, and that it was authorized by the defendant. An accommodation bill is not to be considered as issued until it is in the hands of some person who is entitled to treat it as a security in law: Chitty on Bills 188; Byles on Bills 321. Therefore where three persons joined as drawer, acceptor and first indorser, in making an accommodation bill, the acceptor was held liable, notwithstanding an alteration in the date of the bill, made with his consent, but without the consent of the drawer and indorser, before it was issued to any one for value: Downes v. Richardson, 5 B. & Ald. 674. "Here," said BEST, J., "at the time when the alteration was made the bill was a perfect bill in form, but it did not constitute a valid contract between the parties. A bond is a perfect instrument before delivery, but still an alteration before delivery will not vitiate it." The note here in suit, though indorsed by Glenn, the defendant, and Wessell, the plaintiff, remained in the possession of Long & Son, and was an unavailable security until the bank accepted it and surrendered the old note. Before the bank accepted it Long & Son inserted the place of payment. Clearly the insertion of the place of payment by the makers did not render the note void. But it is contended that it discharged the indorser, Glenn, because it altered the contract. In what respect, however, was the contract altered? When the indorsers put their names upon the note it was equivalent to saying to the bank, if Long & Son do not pay the sum of $400 we will pay it for them. The fact that Long & Son said to the bank, we will pay at your own counter, did not add anything to the obligation of the indorsers. There is no rule of law that forbids the maker of a note appointing a place of payment, either before or after its execution, or changing its place of payment, provided he injures no one thereby. In this case the character of the paper, and the circumstances surrounding its issue, gave the maker express authority to insert the place of payment. In Woodworth v. The Bank of America, 18 Johnson Rep. 315, and 19 Id. 391, the facts of which were identical with this one, the maker of the note having added the place of payment after its indorsement for his accommodation, SPENCER, C. J., and Chancellor KENT both held the indorser liable. The final judgment in the case pronounced by a vote of the Senate, was in favor of the indorser, but the

opinions of Chancellor KENT and SPENCER, C. J., have always been esteemed as of higher authority than the judgment. Chancellor KENT, at the close of his opinion, summarizes his views in three propositions, one of which is as follows : "That the note, when indorsed, became, by the words of our statute and the general law merchant, likened to an inland bill of exchange, and the parties were rendered liable in like manner. It followed, therefore, that the maker of the note, after it was indorsed in blank and returned to him for his use, stood in the character of the acceptor of bill, with equal rights and responsibilities, and he had the authority to designate the place of payment, as none was mentioned in the note. That the acceptor of a bill has such a right is everywhere and by every person admitted." This principle was followed by the Court of Appeals of Kentucky in Rogers *v.* Poston, 1 Metc. 643, where it was held that " one who indorses a bill of exchange, which has the name of the drawee written on its face without any acceptance written over it, the bill being silent as to the place of payment, and hands it over to the drawee to raise money thereon for the accommodation of such drawee, thereby confers authority on him to write the acceptance above his signature and designate therein any reasonable place of payment." In a later case in the same court, Todd *v.* Bank of Kentucky, 3 Bush 626, the same rule is followed. And the court, while doubting the application of the principle in all cases, adds : " Besides, there is much reason where the paper is for the accommodation of the drawee and acceptors, as in this instance, to infer from the transaction and nature of the paper an implied authority in those for whose use the paper is made to appoint the place of payment, unless one has been already expressly designated in the bill, as this would more generally make the paper answer the purposes of the beneficiaries and objects of its creation." In the present case the place of payment was inserted for the purpose of carrying out the intention of all the parties, viz.: the renewal of the former note.

The action of the court in this case was erroneous for another reason. The note in suit was made upon a printed form, in which was a blank space for the insertion of the place of payment. All the other blank spaces in the note were filled up before indorsement, and where the writing failed to fill the blank the filling was completed by an irregular line made with the pen. The line for the place of payment, which began with the word " at," was left entirely blank. From this circumstance the bank taking the note had a right to infer that all the parties to the note authorized Long & Son, the persons to whom they delivered it, to act as their agent in

filling it in, and they are bound accordingly: Worrall v. Gheen, 39 Pa. St. 388.   To the same effect is Hepler v. Mt. Carmel Savings Bank, *supra*, where the court held that where a note is indorsed without date the presumption necessarily is that the drawer or indorsee is authorized to fill in the date.   It is clear, under all of the decisions, that the question of the authority of Long & Son to insert the place of payment should, under the evidence in this case, have been submitted to the jury.   The plaintiff, Wessel, is clothed with all the rights of the bank from which he received the note upon payment of it.

*Slagle* (*Wiley* with him), for the defendant in error.—We agree with counsel for plaintiff in error, " that an alteration of a promissory note will not, under all circumstances, render it void ; " but we claim that every *material* alteration of a note, without the consent of the person affected thereby, will render it void as to him.   In this case, it appeared that the alteration was made without the knowledge or consent of the defendant.   That the insertion of a place of payment is a material alteration, has been decided by this court in Simpson v. Stackhouse, 9 Pa. St. 189; Southwark Bank v. Gross & Bro., 35 Pa. St. 80; Hill v. Cooley, 46 Pa. St. 259.   But it is said that this alteration did not affect the contract of the defendant, Glenn; that by indorsing the note his contract was, " If Long & Son do not pay the sum of $400, we will pay it for them."   We do not so read the contract of indorsement.   As we understand it, the agreement of the indorser upon the original note was, " I agree to pay the amount of the note, provided it shall be presented to the maker in person, or at his place of business, and demand of payment thus made and refused, and notice of such demand and refusal given to me within the next day."   It needs no argument to show that the alteration materially changed this contract, and the evidence shows that no demand was made in accordance with the defendant's contract.   If such an alteration is material as to the maker, whose contract is absolute to pay the money, and to fix whose liability no demand is necessary, *à fortiori*, the conditional liability of the endorser must fall with it: Simpson v. Stackhouse, 9 Pa. St. 186.   The cases of Worrall v. Gheen, 39 Pa. St. 388, and Kountz v. Kennedy, 63 Pa. St. 187, in which the original obligation of the surety was enforced, have no application to this case, because it appears that the liability of defendant under the original contract did not arise for want of proper demand of payment.   Nor do the cases in reference to filling blanks help the plaintiffs' case.   They are based upon the principle that when a man signs a note with a blank, which enables the holder to

[Wessell *v.* Glenn.]

perpetrate a fraud by altering the contract in such a way as not to be observed, the loss occasioned thereby shall be borne by him. But in this case we have no such imposition. The change was made at the suggestion of the cashier of the bank, and in his presence; and as the plaintiffs took the note after maturity, he can stand in no better position than the bank whose officer made or had the alteration made. The cases from other states cited by counsel have no bearing, for the reason that they are upon bills of exchange. A bill is not perfect until accepted, and there may be an implied authority for him to qualify his acceptance; but the note as indorsed by the defendant was a perfect contract when it left his hands.

Mr Justice GORDON delivered the opinion of the Court, January 5th, 1885.

The note in suit was a renewal of one that had been previously discounted by the West End Savings Bank. This renewal was drawn in the sum of four hundred dollars, dated at Pittsburgh, January 29th, 1883, and indorsed for the accommodation of the makers, Long & Son, by James Glenn, the defendant below, and C. Wessell & Co., the plaintiffs. When signed and indorsed there was a blank left for the place of payment which was preceded by the word "at," thus: "Ninety days after date we promise to pay to the order of James Glenn, four hundred dollars at        without defalcation, value received." Robert Long, of the firm of Long & Son, took this note to the bank and presented it for the purpose of lifting the original, but the cashier declined to receive it on the ground that there was no place of payment, whereupon Long inserted, after the word "at," the words "West End Savings Bank." With this amendment the note was accepted; when due, in default of payment, it was protested, was afterwards paid by the plaintiffs, and suit brought by them against the defendant as first indorser. About the facts there was no dispute, and under them the court directed a verdict for the defendant, holding that the alteration, as above stated, having been made without the assent of the indorser, worked his release. This case was assumed to be like that of the Southwark Bank *v.* Gross et al., 11 Ca. 80, where we held that the insertion of the place of payment by the payee, after the execution of the note, and without the assent of the maker, avoided it as to him and the indorsers. We cannot, however, agree that the cases are analogous.

In the case cited the alteration was wholly unwarranted, and made by the payee, whilst in the case in hand, the addition of the place of payment cannot technically be called an altera-

tion, for it was warranted by the blank which was left unfilled, and this addition was made by the payor. When one signs a promissory note in blank either as to time or amount, he is bound to know that the payee may supply one or both: Hepler *v.* Mount Carmel Savings Bank, 1 Out. 420; Byles on Bills, (5 Am. Ed.) 473, note. And in Wiley *v.* Moor, 17 S. & R. 438, the same rule is applied to a bond. Now, when the defendant indorsed the note in controversy he may be presumed to have known that the place of payment was left blank; that unless that blank was filled the paper could not be used for the purpose intended, and that, necessarily, it must be filled by the payors, for the accommodation of whom he became indorser.

Had the note been signed and indorsed without date, amount or place of payment, the right of Long & Son to fill in all these would have been undoubted. Why, then, they would not have the same right as to either of these particulars is hard to comprehend. Had the defendant intended otherwise he could have prevented all difficulty by simply drawing his pen through the word "at," but not having done so the blank stood as his warrant to the payors to fill in the place of payment.

Judgment reversed and new venire ordered.