## ESTATE OF A. B. BECHTEL, DECEASED.

APPEAL BY A. F. BECHTEL ET AL. FROM THE ORPHANS'
COURT OF BERKS COUNTY.

Argued March 6, 1890—Decided March 17, 1890.

1. The indorsement of a note with the date left out, for the accommoda-
tion of the maker in the renewal of a note in bank, is an implied au-
thority to the bank to insert the date, on its acceptance of the note in such
renewal.
2. Liability upon such an indorsement will not be affected by the fact that
after the note was delivered to the maker and before the latter had used
it, the indorser became unconscious by a sudden illness, of which the
bank had notice.

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 330 June Term 1890, Sup. Ct.; court below, number
and term not given.

On January 1, 1889, the account of Albert F. and Effinger
F. Bechtel, executors, etc., of Abraham B. Bechtel, deceased,
was called for audit.

At the hearing on March 13, 1889, the National Bank of

Pottstown presented for allowance a note dated August 12, 1887, for $1,600, drawn by Joseph B. Bechtel to the order of Abraham B. Bechtel, indorsed by Abraham B. Bechtel, and payable at said bank.

The facts as found by the auditing judge upon the agreement of the parties in a case stated were as follows:

1. The signatures to the note by Abraham B. Bechtel, the decedent, are genuine.

2. The same were made by him on or about July 15, 1887, with date of note left blank, whilst on a visit to his brother, the drawer, Joseph B. Bechtel, who resided 25 miles from his residence at Reading, in Montgomery county.

3. On August 13, 1887, Abraham B. Bechtel was lying unconscious, the result of a stroke of apoplexy; and, while so situated a letter addressed to him was received by the family, containing a notice of protest of a promissory note for $1,600 dated May 11, 1887, purporting to have been signed, "credit the drawer," and indorsed by him. Albert F. Bechtel, a son, on said August 13, 1887, forwarded to the cashier of said bank by mail a letter received by the cashier at Pottstown, August 14, 1887, informing the bank of his father's condition and inability to transact any business, and thereby requesting that the cashier should notify Joseph B. Bechtel of the matter and have him fix it up all right.

4. On August 16, 1887, the cashier of said bank received from said Joseph B. Bechtel the note on which the above payment is demanded, and inserted August 12, 1887, therein, accepted $100 on account of note, and discounted it for ninety days.

5. Said note of August 12, 1887, discounted August 16, 1887, was protested for non-payment November 12, 1887, and the executors of said Abraham B. Bechtel had due notice of protest.

6. The deceased had a stroke of apoplexy July 22, 1887, which rendered him unconscious continuously from that time to his death, which occurred August 23, 1887.

The auditing judge, SCHWARTZ, P. J., finding the proofs sufficient, awarded payment of the claim, debt, interest and protest charges, amounting to $1,628.91.

Opinion of Court below.

Exceptions to the adjudication having been filed by the accountants, who were also legatees under the will, the court, SCHWARTZ, P. J., filed the opinion in part as follows:

The note with blank date delivered to Joseph for the purpose of substitution of the May 11, 1887 note, he held for the purpose for which it was intended, with the right and privilege of dating it: See Randolph on Com. Paper, §§ 79, 183.

The exceptants, however, contend that because of the facts that the decedent was stricken with apoplexy July 22, 1887 ; that from and after said affliction he was incapable of transacting any business, and in point of fact was totally helpless and in a comatose condition to the day of his death, which occurred August 23, 1887 ; and that for the furthur reason that said bank had notice of his condition previous to the time it discounted the note on August 16, 1887, the note is uncollectible from the estate.

The bank did have notice of the indorser's disease and the nature and extent of his afflictions, but this notice was not given for the purpose of preventing the discounting of the note discounted August 16, 1887. Albert, one of the sons, knowing that the note of May 11, 1887, had become due and was protested, informed the officers of the bank, by way of apology, that his father was not in a condition to replace the note by a new one, by reason of his sickness. The officers so understood it, and when the note last discounted was brought into the bank it was dated and discounted. They, however, took the precaution to retain the note of May 11, 1887, as collateral security for the payment of it. The exceptants may not now use the notice of the sickness for the purpose of tricking the claimant out of its claim. To allow them to do so would be to mock justice. Laws are not made for the purpose of doing outrage.

These exceptions cannot be sustained, except at the expense of law, justice, and equity, and as it is not the province of the courts to assist any one with that object in view, they are dismissed, and the report of the audit upon the account of the estate is confirmed absolutely.

—Thereupon the accountants took this appeal, assigning the allowance of the bank's claim upon the note for error.

*Mr. M. L. Montgomery* (with him *Mr. Henry C. G. Reber*), for the appellants.

Counsel cited: 2 Randolph on Com. Paper, § 474; 1 Daniels on Neg. Inst., §§ 191, 221; Raymond v. Middleton, 29 Pa. 531; Wirebach v. First N. Bank, 97 Pa. 543; Smith v. Wyckoff, 3 Sandf. Ch. 77; May v. Boisseau, 8 Leigh (Va.) 184; Dugan v. Dubois, 2 Rich. Eq. (S. C.) 85; Hart v. Hudson, 6 Duer (N. Y.) 304.

*Mr. C. F. Evans* and *Mr. Wm. K. Stevens*, for the appellees, were not heard.

In the brief filed, counsel cited: Hepler v. Savings Bank, 97 Pa. 420; Wessell v. Glen, 108 Pa. 104; Androscoggin Bank v. Kimball, 10 Cush. 374; Russel v. Langstaffe, 2 Doug. 514; Violett v. Patton, 5 Cranch 142; Mitchell v. Culver, 7 Cow. 336; Richter v. Selin, 8 S. & R. 425; McSparran v. Neeley, 91 Pa. 26; Snyder v. Laubach, 7 W. N. 464; Hagey v. Hill, 75 Pa. 111; Bayard v. Shunk, 1 W. & S. 95; McIntyre v. Kennedy, 29 Pa. 448; Holmes v. Briggs, 131 Pa. 233.

PER CURIAM:

Under the facts as agreed upon in the case stated, it was not error in the court below to award the money to the bank. It is true, at the time the note came into the possession of the bank the indorser was in a comatose or unconscious condition, resulting from a stroke of apoplexy, and, of course, incapable of transacting business. But he indorsed the note for the purpose of renewing the old note when it matured, and gave it to Joseph B. Bechtel for that purpose, prior to said attack, and when he was fully competent to transact business. The note was used for the purpose for which he gave it, and his subsequent illness does not affect it.

The date of the note was left blank, and was filled in to correspond with the note for which it was given in renewal. The indorsement of the note, with the date left blank, was an implied authority to fill in the date. The foregoing principles are well settled, and do not need to be fortified by the citation of authority.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.