# Lance v. Calvert, Appellant.

*Promissory. note—Filling in date—Joint maker.*

When one who has signed a note, leaving the date blank, delivers it in that condition to a joint maker for the purpose of raising money upon it, he thereby impliedly authorizes that joint maker to fill in the date as of the time when the note is actually negotiated.

In an action on a joint note where the appearance of the note indicated that the date had not been written at the time when the first joint maker signed the note, and the plaintiff testified that the second signer brought the note to him and filled in the blank at his request, and there is testimony that the first joint maker was subsequently shown the note and said that he had signed it and made no objection as to the date, there is sufficient evidence to warrant the jury in finding that the first joint maker had ratified and adopted the instrument in the condition in which it was when presented to him.

Argued May 14, 1902.    Appeal, No. 78, April T., 1902, by defendant, from judgment of C. P. March T., 1900, No. 272, on verdict for plaintiff in case of Abram Lance v. William M. Calvert et al.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit on a promissory note.    Before WILSON, P. J.

At the trial it appeared that the note in suit was signed by W. M. Calvert and Hugh Morrow.    The note upon its face showed that the date had been changed and had apparently not been written when Morrow signed the note.    The plaintiff testified that Calvert brought him the note with Morrow's name on it, and that Calvert, at plaintiff's request, wrote in the date.

The court charged in part as follows:

[There is another element in the case, which, if you should find as a fact that there had been a change of the dates on the note, and that there could be no recovery, upon a consideration of that phase of the case, against Hugh Morrow, will require your consideration; the plaintiff further alleges that on or about August 10, 1896, Hugh Morrow was shown the note in question, and that he acknowledged in the presence of Abram

Lance and James Lance that he had executed that note, or expressed himself to that effect; the court does not attempt to use the language of the witness, but only to call your attention to the allegation of the plaintiff of a subsequent acknowledgment of the execution of this particular note.] [2] [The defendant denies that he saw this note at the time alleged, or that he saw it or heard of it until the latter part of May or in June, 1899. The denial of Hugh Morrow that he was shown the note as alleged by the plaintiff and his brother, James Lance, is corroborated by the other defendant, William M. Calvert, who alleges that upon that occasion, the time designated being the time of the payment of the $500, Morrow was not there in person, and that he, Calvert, paid the money for Morrow, lifted the old note and gave a note for $54.50, which had previously been signed by Morrow and handed to him, as security for that interest. On this phase of the case we have the testimony of the plaintiff and his brother as to what occurred at or about that time as to the payment of the money, and the conversation, and the alleged fact of the showing of the note to the defendant Morrow. On the part of the defense we have the testimony of Calvert and Morrow, in which they deny the plaintiff's statement as to what occurred on that occasion.

[If on this phase of the case you determine that there had been an alteration of the note such as would relieve Hugh Morrow from liability thereon, then if you find that the note was shown by the plaintiff to the defendant Morrow, and that it was in the same condition then as now, and that Morrow assented at that time to the fact that he had executed that note, then he would be estopped from setting up as defense the fact of any change having been made in the note; because if you find from the evidence that there was an alteration in the note such as would relieve him from liability, if he afterwards assented to it, having it in his possession, being able to detect its condition, or to see its condition, that he would be estopped from setting up the fact of the alteration as against recovery in this action.] [3]

Your first question is, was this note changed, that is, the date of it changed? We say to you that if it was, that would be a material change, and such as would avoid the note if it had been changed without the knowledge or consent of the defend-

ant Morrow. If it was so changed, then your verdict should be for the defendant so far as Morrow is concerned.

[If it was not changed, if it was signed in blank and taken to Lance by the defendant Calvert, and he there inserted the date, no matter whether it was in other ink or how it were done, if it was signed in blank and at the time of getting the money the date was filled in, then the defendant Morrow would be liable, as well as the other defendant, Calvert, for the money due upon the note.] [4]

[If there had been an apparent change or alteration of the note, and that was afterwards acquiesced in or consented to by the defendant Morrow, then he would be liable; if not, then he would not be liable in this suit, and your verdict should be for the defendant.] [5]

Verdict and judgment for plaintiff for $922.50. Defendant appealed.

*Errors assigned* were (1) admission of note in evidence. (3–5) Above instructions, quoting them.

*J. F. Reed*, with him *J. F. McNaul* and *Robert Ritchie*, for appellant.—The true test as to whether the alteration is or is not material, is whether the written instrument speaks identically the same language after the alteration as it did before : Heffner v. Wenrich, 32 Pa. 424 ; Stephens v. Graham, 7 S. & R. 508.

There was not a scintilla of evidence to show that Morrow's attention was called to the condition of the note, the apparent alteration or the different inks. The mere acknowledgment of his signature would not be sufficient to estop Morrow from setting up as a defense the alteration in the instrument.

*A. P. Marshall*, with him *J. L. Holmes*, for appellee, cited : Miller v. Stark, 148 Pa. 165.

OPINION BY W. D. PORTER, J., July 10, 1902 :

The defendants were joint makers of the promissory note upon which this action was brought. It was contended in the court below that it was apparent upon the face of the instrument that the date had been changed. The court upon inspection of the instrument so held and required the plaintiff to pro-

duce evidence explaining the alteration before admitting the note in evidence. The plaintiff testified that when Calvert brought to him the note for the purpose of obtaining the money the date was blank, that he called Calvert's attention to this, saying, " It ain't right, the month ain't on it nor the year ; " that Calvert replied, " I can fix that when the other is all right." He testified that he gave Calvert a pen and ink and that the latter then filled in the blank for the date in the manner in which it appeared upon the note at the trial. He also testified that when, on August 10, 1896, he spoke to Morrow about this note, the latter asked to see it, that plaintiff got the note and showed it to him and that Morrow said, " Yes, I signed that note for Mr. Calvert." James Lance testified that he was present when the plaintiff showed the note to Hugh Morrow, and that Morrow said it was all right.

When one who has signed a note, leaving the date blank, delivers it in that condition to a joint maker for the purpose of raising money upon it, he thereby impliedly authorizes that joint maker to fill in the date as of the time when the note is actually negotiated. If Morrow signed the note and delivered it to Calvert, leaving the date blank, for the purpose of raising money upon it, and Calvert filled in the date when the note was actually negotiated, Morrow was bound by his act. If the testimony of Lance, that Morrow filled in the date just as it appeared upon the note at the trial, was true, then anything that might have been suspicious in the appearance of the note was explained, the plaintiff had met the burden by law imposed upon him and there was no error in admitting the note in evidence : Miller v. Stark, 148 Pa. 165 ; Hartley & Company v. Corboy, 150 Pa. 23 ; Craighead v. McLoney, 99 Pa. 211.

The evidence of the ratification of the note by Morrow, on August 10, 1896, was contradicted, and the facts were for the jury under the conflicting testimony. The defendant requested the court to charge that : " Even if the jury did believe that Lance showed the $700 note to Morrow, and he took the note in his own hands, unless Morrow's attention was called to the change or alteration in the note and he noticed that, it would not be satisfactory evidence to hold Morrow." This point was refused, which ruling is the subject of the seventh and eighth assignments of error. We are not convinced, in view of the

evidence in the case, that this ruling was erroneous. Whether the date of the note had actually been changed was a question of fact for the jury, and whether if there had been an alteration it was of such a character that Morrow ought to have seen it was also for the jury to determine. If the note had been changed it was within the power of Morrow, in the absence of evidence that the change involved a crime, to acquiesce in and ratify the alteration: Kennedy v. Lancaster County Bank, 18 Pa. 347; Nesbitt v. Turner, 155 Pa. 429. If Morrow asked to see the note, and having taken it into his hands examined it and said, "Yes, I signed that note for Mr. Calvert," or "It is all right," that was sufficient to warrant a finding that he ratified and adopted the instrument in the condition in which it then was. If there was anything in the character of the instrument, or the circumstances, which might have misled him into a mistaken acquiescence, such matters were for the consideration of the jury.

The judgment is affirmed.