# Hess *v.* Gerstlauer, Appellant.

*Affidavit of defense—Practice, C. P.—Promissory note—Partnership.*

In an action upon a promissory note the affidavit of defense set forth that the note in suit was a renewal of a former note, and that it was executed and delivered by the defendant in blank, with the understanding that the firm name of a partnership should be filled in as payee; but instead of inserting the firm name, that of one of the individual partners was inserted. It was averred that the defendant had a defense to the claim of the firm, but the grounds of such alleged defense were not in any way specified or set out. It was also averred that as between the plaintiff and defendant there was no consideration. *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued Jan. 5, 1906. Appeal, No. 91, Jan. T., 1905, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1903, No. 2097, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry Hess v. David Gerstlauer. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note.

The supplemental affidavit of defense which incorporated the averments of the affidavit of defense was as follows :

" That your deponent denies that he is indebted to the plaintiff in any amount whatever. That the note in suit was executed by your deponent in blank, on or about October 1, 1897, with the understanding and intention that the name of ' Spaeth, Krautter & Hess ' should be inserted as the payees thereof; that said note was signed by your deponent at the office of ' Spaeth, Krautter & Hess' in renewal of an older note for the same amount held by him. That your deponent was not and is not now indebted to the said Henry Hess in any amount whatever and would have refused at all times to sign a note in his favor.

" That your deponent is informed and believes that the firm of ' Spaeth, Krautter & Hess ' never authorized the said Henry Hess to insert his name in said note as the payee thereof ; that said note always was and still is the property of the said firm of ' Spaeth, Krautter & Hess ; ' that said firm never parted with

its title thereto and that the name of Henry Hess was falsely and fraudulently inserted therein as the payee thereof.

" That your deponent has a full and complete defense to the claim of 'Spaeth, Krautter & Hess,' but is advised and believes that it is unnecessary for him to set forth the same at this time; that your deponent is further advised and believes that the said plaintiff has no authority to prosecute this action on behalf of the firm of ' Spaeth, Krautter & Hess." '

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles Lehr*, for appellant.—In an action by the payee of a promissory note against the maker, want of consideration is a good defense: Grubb v. Cottrell, 62 Pa. 23 ; Danner v. Hess, 19 Pa. Superior Ct. 182; Conmey v. Macfarlane, 97 Pa. 361.

*Joseph L. Greenwald*, with him *Clinton O. Mayer*, for appellee.—It has been held by the courts of this state, that where a note is signed and delivered in blank, it is an authority to fill in the blank: Weaver v. Paul, 4 Pa. Dist. Rep. 492; Wessell v. Glenn, 108 Pa. 104; Wagner v. Ditsche, 1 W. N. C. 125.

If the defendant in this case had set forth a good defense as against Spaeth, Krautter & Hess, it might have been enough to have carried the case to a jury, but the mere use of disjointed sentences and of conclusions of law, have been repeatedly held not to be a good defense: Superior National Bank v. Stadelman, 153 Pa. 634 ; Hunt v. Muffly, 1 W. N. C. 389; Kavanaugh v. Woll, 3 W. N. C. 242; People's Mut. Fire Ins. Co. v. Bergstresser, 1 Pa. Dist. Rep. 771.

OPINION BY MR. JUSTICE POTTER, February 5, 1906 :

The affidavit of defense in this case set forth that the note in suit was a renewal of a former note, and that it was executed and delivered by the defendant in blank, with the understanding that the firm name of a partnership should be filled in as payee ; but instead of inserting the firm name, that of one of

the individual partners was inserted. It was averred that the defendant had a defense to the claim of the firm, but the grounds of such alleged defense were not in any way specified or set out. Undoubtedly, if this note was in fact intended for the firm, and if the defendant had set out in his affidavit a good defense as against it, no judgment could properly have been entered against him. But neither in the original nor in the supplemental affidavit is there any statement of facts which would constitute any defense to the action. The mere averment that, as between this plaintiff and the defendant, there was no consideration, is not sufficient, as, under the authority given by the signing of a note in blank, the name of the present payee may have been very properly substituted for that contained in a prior note. The difficulty with the affidavit is that it sets out no defense against either the present holder or against any other parties who may, as is alleged, be the real owners of the note.

The assignments of error are overruled and the judgment is affirmed.