## Lincoln Deposit & Trust Co. *v.* Sanker et al., Appellants.

Argued November 25, 1931.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*R. J. Puderbaugh,* for appellants.—This note was not filled up in accordance with the authority which all the endorsers had given, and of which the bank had knowledge: Massey v. Massey, 267 Pa. 239.

The purchaser of a negotiable instrument with an unfilled blank is put upon inquiry as to the authority of the person entrusted with the incomplete instrument.

The rule of the common law that, where a person signs a note without restriction, leaving a blank for the name of the payee, and entrusts it to a comaker, he gives to a bona fide holder implied authority to fill the blank and perfect the instrument, has been changed by the Negotiable Instrument Law: Central Trust & Savings Co. v. Klebanoff, 85 Pa. Superior Ct. 427.

There was no evidence that any person had any authority, either implied or expressed, to either deliver the note or fill in the blank spaces therein: Yubas v. Makransky, 300 Pa. 507; Lewis v. Matias, 300 Pa. 238.

Any alteration of a contract by the principal parties without the assent of the surety is fatal to the validity of the contract as against the surety: Talmage v. Burlingame & Irons, 9 Pa. 21; Bensinger v. Wren, 100 Pa. 500; Newman v. Cover, 300 Pa. 267.

*Robert A. Henderson,* with him *Robert W. Smith,* for appellee.—The note in question contains two contracts: The one between the maker and the payees; and the one between the payees and the assignee. The payees in their assignment of the note to the assignee guaranteed the payment of the note. This was a new contract on the part of the payees with the assignee: Miners State Bank v. Auksztokalnis, 283 Pa. 25.

A warranty of payment at a particular time means payment at that time, and not payment after pursuit and insolvency of the principal debtor, even though the word guarantee may have been used: Miners State Bank v. Auksztokalnis, 283 Pa. 18; Sullivan v. Welsh, 91 Pa. Superior Ct. 413; Homewood Peoples Bank v. Cull, 85 Pa. Superior Ct. 480; Quaker City Nat. Bank v. O'Callaghan, 95 Pa. Superior Ct. 69; Rochester First Nat. Bank v. Fry, 294 Pa. 425.

Wessell v. Glenn, 108 Pa. 104, is authority for fixing the liability of defendants in the case at bar.

When one who has signed a note, leaving the date blank, delivers it in that condition to a joint maker for the purpose of raising money upon it, he thereby impliedly authorizes that joint maker to fill in the date as of the time when the note is actually negotiated: Simpson v. Bovard, 74 Pa. 351; Bechtel's Est., 133 Pa. 367; Wiley v. Moore, 17 S. & R. 438; Hess v. Gerstlauer, 214 Pa. 10.

If appellants' liability is fixed under the Negotiable Instrument Act of 16th of May, 1901, the appellee had the right to fill in the blanks in the note.

The endorsement of a note with the date left out, for the accommodation of the maker in the renewal of a note in bank, is an implied authority to the bank to insert the date, on its acceptance of the note in such renewal: Bechtel's Est., 133 Pa. 367; Hepler v. Bank, 97 Pa. 420.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1932:

Appellants (defendants) seek to escape from an obligation which they assumed to plaintiff upon grounds singularly lacking in merit when the facts connected with the transactions between them and appellee are taken into account.

On July 19, 1924, the Young Men's Institute Home Association, Inc., of Altoona, borrowed from plaintiff $10,000, to be used in the construction of a building. To enable it to procure the loan, defendants and two others endorsed the note given for it and guaranteed payment

thereof. On October 18, 1924, a renewal note of similar amount was given with five of the original endorsers and guarantors backing it. This obligation was payable on demand. Payments were made on account of the indebtedness and on June 19, 1928, a second renewal note was given, the one in suit, for the balance due, $6,750, dated June 1, 1928, payable one day after date. It was made by the Home Association to the order of defendants and by them assigned to plaintiff and its payment was guaranteed. It contained warrants of attorney to confess judgment against the maker and the guarantors. One of the defendants, Edgar W. Jones, was not only a guarantor of the note but he was also secretary of the Home Association and signed the face of the note in this capacity.

The form of the paper was that of the ordinary promissory note executed by the Home Association as maker. On the back of it was an assignment and contract of guaranty and confession of judgment which the defendants had signed in blank. When they did so, the blanks on the face of the note had not been filled in. In this shape it was turned over to M. A. Fox, treasurer of the Home Association. He took it to the plaintiff on June 19, 1928, and in his presence the blanks were filled in by its treasurer. The latter dated it June 1, 1928, made it payable in one day, wrote in the amount due and filled in the names of defendants as payees. On the back of the note he filled in the plaintiff's name as assignee.

It is contended by appellants in repudiation of their obligation that the authority to complete the instrument was violated in four respects: (1) That under the agreement made with defendants the obligation was to be made payable in ninety days, whereas it was made payable one day after date; (2) that under the alleged agreement the instrument was not to be completed unless and until additional endorsers were obtained; (3) there was no authority given to make defendants payees in the note; (4) there was no authority to antedate the paper.

The two latter grounds can be disposed of in short order. They were not raised on the trial and are not covered in the statement of the questions involved. They, therefore, are out of the case and will not be considered now: Foulk v. Hampton, 299 Pa. 272; Schline v. Kine, 301 Pa. 586; Bennar v. Central Mausoleum Co., 304 Pa. 569. We may say, however, that the filling in of defendants' names as payees did not invalidate the note: Hess v. Gerstlauer, 214 Pa. 10.

This leaves only the questions whether there was an agreement entered into between the defendants and the trust company that the note was to be made payable in ninety days and that it was not to be completed unless and until additional endorsers were obtained. In considering these matters, it must be borne in mind that at the time they executed the guaranty of the note in suit the defendants were obligated upon the preceding note. It is disingenuously argued by their counsel that they were not, because, he says the words "with interest" were added to the note by the trust company after its execution without the knowledge or authority of defendants. He presents this contention as though he had proved the fact, which he did not do. He asked the question whether the words were added after the note was signed, but it was not answered. This argument should not have been advanced. Nor should he have printed the depositions which were taken on the rule to open the judgment entered against defendants and argued from them in his brief as though they had been offered in evidence on the trial, when they were not so offered.

As to the alleged agreement between the defendants and the trust company, the court below, in reviewing the case on the motion for a new trial, determined that its existence was not sustained by the testimony, that, while there had been some talk between the president of the Home Association and some of the guarantors, indicating that the latter desired a ninety-day note and some additional guarantors, and while the president of the

trust company said a ninety-day note would be satis-
factory, these informal conversations did not rise to the
dignity of an agreement and when the maker and guar-
antors entrusted the note in blank to their agent, the
treasurer of the Home Association, they gave him no
instructions whatever as to how it should be filled out.
When the note was presented to the treasurer of the
trust company to take the place of the one already held
by it, nothing was said to him as to how it was to be
filled out and he completed it substantially as the old
one was. Our reading of the record leads us to the same
conclusions as to the alleged agreement, the absence of
instructions to the deliverer of the note and the fact that
nothing was said by him to the treasurer of the trust
company when it was delivered to him, as were reached
by the able and just judge who tried the case. The trust
.company, to which the note was delivered and to which
the money represented by it was due, had authority to
complete it by filling up the blanks. "Where the instru-
ment is wanting in any material particular, the person
in possession thereof has a prima facie authority to
complete it by filling up the blanks therein. ...... In
order, however, that any such instrument, when com-
pleted, may be enforced against any person who became
a party thereto prior to its completion, it must be filled
up strictly in accordance with the authority given and
within a reasonable time. ......": Act of May 16,
1901, P. L. 194, chapter 1, article I, section 14. Even
before the statute, it would have been proper to fill in
the blanks: Wessell v. Glenn, 108 Pa. 104; Hepler v.
Mount Carmel Savings Bank, 97 Pa. 420; Lance v. Cal-
vert, 21 Pa. Superior Ct. 102; Simpson's Exrs. v. Bo-
vard, 74 Pa. 351; Bechtel's Est., 133 Pa. 367; 2 Corpus
Juris, section 120, pages 1243, 1244.

The case is clearly distinguishable from Massey v.
Massey, 267 Pa. 239. In that case, Massey, who was
entrusted by the other makers of the note to deliver it
to the bank, violated their instructions and had it filled

up for a greater amount than the defendant agreed to pay. Furthermore, the situation is different in the pending case from what it was in that case, because here the defendants were already liable to the plaintiff on the preceding note. "The law is well settled that the acceptance of a new obligation in place of the old is not a satisfaction of the earlier one,...... There is a legal presumption that the substituted paper is not taken in discharge, but is received as collateral security for the payment originally undertaken. ...... When the bank retains the original note, the court is plainly justified in finding that the second one given was merely as collateral": Citizens' Bank v. Litschitz, 296 Pa. 291, 294; DeRoy's Est., 305 Pa. 541.

As the trial judge concluded in his opinion, instead of submitting the case to the jury, he should have given binding instructions for the plaintiff.

The judgment is affirmed.