## Pepper's Estate.

## Pennsylvania Academy of Fine Arts' Appeal.

*Will—Legacy—Deduction of debt due by legatee.*

Testator gave " to the Academy of the Pennsylvania Fine Arts, $50,000, inclusive of the note of the Academy." At the time of his death testator held the note of the Academy for the sum of $8,000 for money loaned to it. *Held*, that the amount of the note should be deducted from the legacy, and that the legatee was entitled to receive only $42,000.

Argued Jan. 25, 1893. Appeal, No. 44, Jan. T., 1893, by The Pennsylvania Academy of Fine Arts, from decree of O. C. Phila. Co., Oct. T., 1890, No. 233, dismissing exceptions to adjudication in estate of George S. Pepper, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Audit of account of John S. Gerhard et al., executors of George S. Pepper, deceased. [Reported below, 1 Dist. R. 148.]

The adjudication was as follows, by FERGUSON, J.:

"The testator gave : 'To the Academy of the Pennsylvania Fine Arts, $50,000, inclusive of the note of the academy.'

"It appeared that the testator, at the time of his death, held

the note of the academy for the sum of eight thousand dollars for money loaned to it.   The executors, therefore, when paying the above legacy deducted the amount of said note and only paid to the legatee the sum of forty-two thousand dollars. It is now claimed on behalf of the legatee that the testator meant to give it $50,000, in addition to the note.   The whole question then is one of etymology, as to the meaning of the word 'inclusive' in the clause of the will; whether it means that the note is included in the legacy of $50,000, or, that the legacy is given exclusive of the note.   The auditing judge must give to the word its generally accepted meaning, in which sense it must be presumed that the testator used it.   Webster defines 'inclusive' to mean 'inclosing, encircling, comprehending the stated limit or extremes, as from Monday to Saturday inclusive, that is taking in both Monday and Saturday.'   Giving to the word this meaning, this clause must be interpreted as meaning that the note was to be included in the legacy. This claim for an additional allowance of $8,000 is, therefore, not allowed."

Exceptions to adjudication were dismissed by the court, in an opinion (adopting the opinion of the auditing judge) by HANNA, P. J.

*Errors assigned* were dismissal of exceptions.

*Charles Henry Hart*, for appellant.—Testator used the word "inclusive" the same as, or synonymous with, "and" or "with," and this is its correct etymological significance.   Vide Roget's Thesaurus, 37.   "As well as;" "together with;" "along with;" "coupled with;" "in conjunction with;" "also;" "likewise."   It is an additive word.   The illustration from Webster is in point, the legacy takes in both the $50,000 and the note.   Suppose the note had been $51,000?

*George Wharton Pepper* and *Joseph B. Townsend*, for appellee, not heard.

PER CURIAM, February 6, 1893:

We think the learned auditing judge and the court below were correct in their conclusion that the note of $8,000, which the testator held against the appellant, was intended by the

former as a part of the legacy of $50,000. In other words, he meant to give the appellant its note for $8,000 and $42,000 in cash, which together make up the legacy of $50,000. Giving to the word " inclusive " its accepted meaning, the note was to be included in the legacy, and form a part of it.

The decree is affirmed and the appeal dismissed at the costs of the appellant.