### SULLIVAN MACHINERY CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 15, 1909.)

No. 5,312.

1. CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—UNSET MINERS' DIAMONDS.

Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 545, 30 Stat. 197 (U S. Comp. St. 1901, p. 1683), provides for "diamonds * * * not advanced from their natural state by cleaving, splitting, * * * including miners' * * * diamonds not set." Held, that the provision for miners' diamonds is not qualified by what precedes, and that such diamonds, split, but unset, are within the paragraph.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

2. CUSTOMS DUTIES (§ 38*) — TARIFF ACT — CONSTRUCTION — "INCLUDING" AS WORD OF ADDITION.

In the provision for "diamonds * * * not advanced, * * * including miners' diamonds," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 545, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683), "including" is used as a word of addition, rather than of specification.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 4, pp. 3499, 3500; vol. 8, p. 7685.]

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,772 (T. D. 29,054).

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

LACOMBE, Circuit Judge. The merchandise in controversy consists of certain articles indifferently known by the specific names of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"carbon," "carbonado," or "black diamonds." The testimony supports the finding of the Board of General Appraisers that "it was this substance Congress embraced within the term 'miners' diamonds.'" That term is found in the free list (Tariff Act July 24, 1897, c. 11, § 2, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683] at—

"Par. 545. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, including miners', glaziers' and engravers' diamonds not set, and diamond dust or bort."

The appellant contends that the three diamonds here imported, which have been split, but have not been set, are covered by this paragraph. The collector and the board classified them under—

"Par. 435. Diamonds and other precious stones advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, and not set, ten per centum ad valorem."

Judge Platt had the two paragraphs before him in United States v. Fifteen Drilled Diamonds (D. C.) 127 Fed. 753, and construed it, holding that the qualifying words following "other precious stones," to and including "other process," refer only to the preceding phrase "diamonds and other precious stones." I concur in his opinion, and conclude that miners', glaziers', and engravers' diamonds, whether whole or split, are free of duty, if they are not set.

The decision of the board is reversed.