## Wyatt v. City of Louisville.

(Decided December 19, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Municipal Corporations—Abutting Owners Held Liable for Recon-
struction of Curbing, Though Sidewalk Not Reconstructed.—Ken-
tucky Statutes, section 2835, authorizing city to reconstruct "side-
walk including curbing" at cost of abutting property owners,
gives power to reconstruct either, and abutting property owners
are liable for reconstruction of curbing although sidewalk is not
reconstructed; section 2833, placing cost of constructing curbing
on city only when part of original construction of street.

PETER, LEE, TABB & KRIEGER for appellant.

RICHARD PRIEST DIETZMAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The carriage way and curbing, as well as the side-
walks, on Morton avenue in the city of Louisville, were
originally constructed at the cost of the abutting prop-
erty holders. By subsequent contract awarded by its
board of public works, and approved by its legislative
branch, the city ordered and contracted for the recon-
struction of Morton avenue from Barrett avenue to
Baxter avenue at the cost of the city. At the same time,
it enacted ordinance No. 292, by which it was provided
that the sidewalks on both sides of Morton avenue be-
tween the northeast curb line of Barrett avenue and
southwest curb line of Baxter avenue should be regraded
and recurbed at the cost of the owners of the ground
fronting the improvement, and that where the present
sidewalk paving adjoins the curbing to be renewed or re-
set, it should be repaved two feet in width adjoining the
curb line with similar pavement. In making the improve-
ment neither the sidewalk nor the grade will be improved
or changed except that where the curbing adjoins the
grass plot between the pavement and the curb, any space
between the grass plot and curbing, after it has been reset
or renewed, will be filled with dirt, and except that where
the curbing adjoins the extension of the main pavement
which leads to the carriage way, any space between the
bricks of the extension and the curbing, after it has been
reset or renewed, will be filled by relaying the bricks of

the extension immediately adjacent to the curb, and flush therewith.

Claiming that the city was without authority in the circumstances to reconstruct the curbing at the expense of the abutting property owners, R. H. Wyatt, one of their number, brought this suit under the Declaratory Judgment Act, for a declaration of his rights. The facts being admitted, the chancellor held that the cost of renewing and resetting the curb was a valid charge against the abutting property, and Wyatt appeals.

Appellant's position is that the curb is not a component part of the sidewalk, and the cost of its construction must be paid by the city unless it be reconstructed when there is a *bona fide* reconstruction of the sidewalk itself, and that the resetting and renewing of a curb with the consequent necessary filling in of the crevices between the curb and grass plot, and the relaying of the bricks of the sidewalk extension immediately adjoining the curb so that they will be flush with the curb after it has been reset, is not a *bona fide* reconstruction of the sidewalk so as to permit the cost to be apportioned against the property owner.

The statutory provisions controlling the cost of making streets and sidewalks in cities of the first class are sections 2833 and 2835, Kentucky Statutes, which, so far as material, are as follows:

"Section 2833. When the improvement is the original construction of any street . . . . such improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned by the board of public works, according to the number of square feet owned by them, respectively, and in such improvements the cost of curbing shall constitute a part of the cost of the construction of the street or avenue and not of the sidewalk. . . . "

"Section 2835. The cost of making sidewalks, including curbing, whether by original construction or reconstruction, shall be apportioned to the front foot as owned by the parties respectively fronting said improvement, except that each corner lot shall pay the cost of its sidewalk intersection."

Though section 2833 was enacted after section 2835, its only effect was to provide that when the improvement

was the original construction of any street, the cost of the curbing should constitute a part of the cost of the construction of the street, and not of the sidewalk, thus leaving intact the power under section 2835 to reconstruct the sidewalk including the curbing at the cost of the abutting property. The words "sidewalks including curbing" mean the same thing as "sidewalks and curbing." The power to reconstruct both, carries with it the power to reconstruct either. It was never intended that if the sidewalks were in good condition, the city itself should bear the expense of the needed reconstruction of the curbing until the sidewalks wore out, and their reconstruction became necessary. It follows that the judgment was correct.

City v. Tyler, 111 Ky. 588, 65 S. W. 125, in so far as it announces a contrary doctrine is hereby overruled.

Judgment affirmed.

Whole court sitting except Judge Dietzman.