# Hubbard *v.* Globe Indemnity Company, Appellant.

*Insurance—Burglary insurance—Evidence—Circumstantial evidence—Insurance policy—Construction of.*

In an action on a contract of insurance against burglary by force and violence, judgment for the plaintiff will be sustained, where the plaintiff produced evidence, though circumstantial, of sufficient weight to warrant the conclusion of the jury that such a felony had been committed.

It is a familiar principle that insurance policies should have a reasonable construction in vew of the intent of the parties, regard being had to the nature and situation of the thing insured, and as the policy of insurance is the language of the company insuring, if there be any ambiguity, it is taken most strongly against the insurer, If reasonably susceptible of two interpretations, it is to be construed in favor of the insured, so as not to defeat without necessity his claim to indemnity.

*Practice C. P.—Pleadings.*

Where in an action on a contract of insurance against burglary, the plaintiff averred in his statement of claim that the goods were stored at a certain storage warehouse in accordance with the terms of the policy, and the defendant, in its affidavit of defense admitted that the goods were so stored, the pleadings are sufficient to take the case to the jury on the question whether the loss occurred after the execution of the policy.

Argued October 12, 1925. Appeal No. 118, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, October T., 1923, No. 1266, in the case

of Katherine B. Hubbard v. Globe Indemnity Company.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit on a contract of insurance.    Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1093.33 and judgment thereon.  Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Robert T. McCracken,* and with him *Roberts & Montgomery,* for appellant.—There was no proof of a burglary within the meaning of the policy: Schoenfeld v. Royal Indemnity Co., 76 Pa. Superior Ct. 299; Philadelphia City Passenger Railway Co. v. Henrice, 92 Pa. 431; Welsh v. Erie and Wyoming Valley R. R. Co., 181 Pa. 461; Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440.

*John C. Bell, Jr.,* of *Bell, Trinkle & Bell,* for appellee.—Plaintiff produced evidence amply sufficient to prove a burglary: Miller v. Massachusetts Bonding Company, 247 Pa. 182; Pauza v. Lehigh Valley Coal Co., 231 Pa. 577; Forster v. Rogers Bros., 247 Pa. 54; Keebler v. Land Title & Trust Co. 266 Pa. 440.

OPINION BY HENDERSON, J., February 26, 1926:

The plaintiff's action was brought on a contract of insurance against burglary drawn to cover a lot of household goods stored by the plaintiff in a room or apartment in the Cuneo Storage Warehouse in the City of New York.  When the owner removed her property from the premises, it was discovered that a part of it was missing.  The verdict represents the

value of the lost articles. A part of the policy con-
tains the following: "It is hereby understood and
agreed that the insurance granted by this policy at-
taches and applies exclusively for direct loss by burg-
lary of the property from within the premises as de-
scibed in the declarations of the policy, by any per-
son, or persons, excepting any person whose property
is covered hereby, making felonious entry thereinto
with tools, explosives, chemicals or electricity used
with actual force and violence such as to make visible
marks thereof upon such premises at the place of such
entry." The first defense asserted was that there
was no proof of a burglary within the meaning of the
policy. The evidence on this subject was that the
goods had been on storage in the warehouse for about
six years; that the policy covered a period of one year
beginning March 20, 1923; that the plaintiff went to
the storehouse with a van to take away her property
on June 11, 1923; that the property was stored in a
compartment in the building of which the plaintiff had
exclusive possession and on the door of which she had
placed a lock in September, 1918. The building con-
tained several hundred separate rooms used for stor-
age purposes. When the plaintiff went to the room
where her goods were stored she found that the lock
which she had placed on the door was broken in pieces
which were lying on the floor at the door. The boxes,
barrels and packages containing the goods were broken,
bureau drawers were opened and packages not enclosed
were untied. The attention of the superintendent of the
warehouse was immediately called to the condition
of the property and also to the broken lock. The
plaintiff's testimony on this subject was corroborated
by other witnesses and was not to any important
extent contradicted. The position taken by the de-
fendant is that while there may have been an entry
into the room and also a breaking of the lock, there
was no evidence that the breaking was felonious

nor that the goods were taken by the person or persons who broke the lock; that there must have been shown some connection between the breaking of the lock and the burglary; that the goods may have been stolen in 1923; that the person who broke the lock may have done so years before the goods were taken by someone else. If it be contended that the plaintiff must give direct evidence of the burglary, a construction is put on the contract which is not so expressed in terms and which we are unwilling to assume was the mutual understanding of the parties when the policy was issued. Burglaries and larcenies are not usually committed in the presence of spectators and in prosecutions for such offenses the commonwealth is very frequently compelled to rely on circumstantial evidence of such a character as to give reasonable grounds for an assured belief that the accused perpetrated the crime. Evidence tending to show the commission of a burglary and of sufficient weight to warrant the conclusion of a jury that such a felony had been committed was competent and sufficient in support of the plaintiff's action, and we think the contracting parties here must have had in mind only such a contract as would prevent the insured from recovering on proof of the loss alone. Reference need only be made to Miller v. Mass. Bonding Co., 247 Pa. 182, to show that appellant's position is untenable. On a motion for judgment non obstante veredicto which assumes the truth of the evidence most favorable to the appellee, the court cannot declare as a matter of law that the broken door, the fragments of the lock, the abstraction of the property, and the disordered condition of the packages, are not facts from which a felonious entry with tools by violence, such as to make visible marks at the place of such entry, might be inferred. In the cases cited by the appellant, Schoenfeld v. Royal Indemnity Company, 76 Pa. Superior Ct. 299, and Dangler v. National

Surety Co., 153 N. Y. Supp. 727, there was an entire lack of evidence of a breaking into the premises and each of the cases was decided on that ground. The evidence apparently offered by the appellant to show that "prohibition officers" had at some time entered the premises and searched for liquor, was incompetent because hearsay evidence and inadmissible from lack of proof that the persons who were said to have been there were prohibition officers. Having been admitted, however, it was evidently discredited by the jury as shown by the verdict.

The second contention of the appellant is that "the premises containing the property hereby insured" was the storage warehouse and not the apartment leased and under control of the plaintiff. It requires a stretch of imagination to suppose that the plaintiff intended to take out a policy against burglary on the storage warehouse. She was interested in a very small portion of that building; she paid for the risk of the loss of her property and it was doubtless not in the thought of either of the contracting parties that the breaking open of the outside wall of the building was the kind of felony against which protection was sought. As she had an apartment in the building under her own lock, it is reasonable to hold that it is the violation of this enclosure which the parties had in view. The contract was made in New York and the evidence shows that under the law of that state a person who breaks and enters a building or a room or any part of the building with intent to commit a crime is guilty of burglary in the third degree. In Rolland v. Com., 85 Pa. 66, it was held that one who opened an inner door of a dwelling house with intent to commit a felony in another part of the house was guilty of breaking into a dwelling house. State v. Clark, 42 Vt. 629, and People v. Carr, 255 Ill. 203, are to the same effect. It is a familiar principle that insurance policies should have a reasonable construction

in view of the intent of the parties, regard being had to the nature and situation of the thing insured, and as the policy of insurance is the language of the company insuring, if there be any ambiguity, it is taken most strongly against the insurer, and if reasonably susceptible of two interpretations, it is to be construed in favor of the insured so as not to defeat without necessity his claim to indemnity. In Axe v. Fidelity & Casualty Co. of New York, 239 Pa. 569, cited by the appellant, there was an express leasing of the fourth floor of the building and it was therefore very properly held that the "premises" of the policy was the tenement which the lessees occupied. Rosenthal v. American Bonding Co., 207 N. Y. 162, was a case lacking evidence of visible marks of force and violence; it is not inconsistent therefore with the ruling of the court below. Having in view the location of the defendant's property and its construction as a storage building, we are of the opinion that the "premises" referred to in the policy was the store room in which the plaintiff's goods were placed and that it was a violent and unlawful breaking and entering of this store room to which the policy refers. If there were doubt on this subject, the more reasonable of the two constructions of the contract should be adopted in aid of the purpose of the policy and the assumed intention of the parties.

The plaintiff's final contention is that there is no evidence that a burglary was committed between the date of the policy, March 20, 1923, and June 11, 1923, when the loss was discovered. The cause of action set forth in the statement of claim is the loss of household furniture and other articles covered by the policy · of insurance and specifically described in paragraph six of the statement of claim which insured goods as alleged in paragraph seven of the statement "were stored at storage warehouse 1571-3 Southern Boulevard, New York, in accordance with the terms of the

policy." The affidavit of defense "admits that said goods were stored at a storage warehouse at 1571-3 Southern Boulevard, New York City." Paragraph seven of the statement of claim and the corresponding paragraph of the affidavit of defense were put in evidence by the plaintiff for the purpose of showing the admitted whereabouts of the property at the time the policy of insurance was made effective. Apparently the defense then in contemplation was not that the loss did not occur, but that it was not the result of the burglary against which the insurance was taken. In the circumstances of the case we regard the pleadings as sufficient to take the case to the jury on the question whether the loss occurred after the execution of the policy, and the court was not in error in so holding.

The assignments are overruled and the judgment affirmed.