## City of Paris v. Fuhrman et al.

(Decided October 26, 1928.)

### Appeal from Bourbon Circuit Court.

1. Municipal Corporations.—Ordinance providing for apportionment of cost of street improvements will not serve to cover sidewalks by virtue of reference thereto in title, unless the subject is covered in the body of the ordinance itself.

2. Municipal Corporations.—Ordinance providing that cost of construction or improvement of streets and sidewalks shall be borne by abutting owners on either side of street to extent of one-third of cost of street and curbing and guttering, remaining third to be paid by city, held not to provide general plan for apportionment of cost of sidewalk construction, since provision is made for only two-thirds of such cost.

3. Municipal Corporations.—Ordinance for apportionment of cost of construction of streets and sidewalks including curbing and guttering, and dividing cost of curbing and guttering, one-third against property owners on either side of street, and one-third against city, refers to construction of curbing and guttering as part of and accompanying carriageway, and not to their construction as part of sidewalk.

4. Municipal Corporations.—Where city ordinance provided no general plan for apportionment of cost of sidewalk construction, city was not precluded from putting entire cost of construction upon abutting property.

WM. BLANTON for appellant.

TALBOTT & WHITLEY for appellees, Fuhrman and wife.

C. A. McMILLAN for appellee, Davis Construction Co.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Although many interesting questions are presented by this record, yet as the contention of the appellant that it did not by an ordinance dated July 21, 1922, adopt a

general plan for the apportionment of the cost of sidewalk construction, including curbing and guttering, which could not under section 3563, of the Kentucky Statutes be changed for a period of 10 years thereafter, is sound, we shall address ourselves solely to it.

The title to the ordinance mentioned reads:

"An ordinance providing for the improvement of streets, alleys and other public ways and sidewalks, including curbing and guttering and providing for the payment of a portion of the same by the city of Paris."

After a lengthy preamble, the ordinance, so far as pertinent, provides:

"Be it ordained . . . that the cost of the construction or of the improvement of the streets, alleys, and other public ways and sidewalks in said city, including curbing and guttering by original construction or by construction or resurfacing upon a foundation already in place, shall be borne by the owners of the real estate abutting on such improvements on either side of said street to the extent of one-third the cost of said street and the cost of all curbing and guttering in front of their respective lots and the city of Paris is to pay the remaining one-third of same."

Although the title of the ordinance is broad enough to embrace sidewalk construction, yet that will not serve to cover sidewalks unless the body of the ordinance itself does. See Wood v. Commonwealth, 225 Ky. 294, 8 S. W. (2d) 428. The body of the ordinance, in stating how the cost of the construction of public ways and sidewalks is to be borne, provides literally for the apportionment of the cost of street construction only by stating that the owners of the real estate abutting on the improvements on either side of the street shall pay such cost to the extent of "one-third the cost of the street and the cost of curbing and guttering in front of the respective lots," the appellant to pay the remaining third. Nor do we think the ordinance can be extended beyond its literal meaning. The framers of the ordinance were careful throughout to use the term "sidwalks" when referring to them, and did not undertake to include them in an all-embracing expression or in the term "streets."

As a sidewalk runs between the property line and the carriageway, there can be, ordinarily, but one abutting property owner upon it. The sidewalk on one side of the carriageway might have to be constructed or reconstructed, while that on the other side might be in most excellent condition. There would be no way under the ordinance of apportioning two-thirds of the cost of the sidewalk upon the abutting property owner, as the court did in this instance, as he does not abut on two sides of the improvement. Yet, under no circumstances could the appellant be responsible by the terms of this ordinance for more than one-third of the cost. Who is to pay the other third? Not the owner on the opposite side of the carriageway, as he does not abut on the improvement in question. Not the owner, who does abut on the sidewalk, for the ordinance in no event puts more than one-third the cost of the improvement upon him.

We are therefore inevitably led to the conclusion that the city did not by this ordinance undertake to adopt a plan for the apportionment of the cost of sidewalk construction, since the provisions of the ordinance literally do not do so, and, being so inapplicable to such apportionment, do not in substance do so. The provision in the ordinance as to the apportionment of the cost of curbing and guttering clearly has reference to the state of case where such curbing and guttering have been constructed or reconstructed as a part of the construction or reconstruction of the carriageway, and not where they have been constructed or reconstructed as a part of the sidewalk construction or reconstruction undertaken apart from the construction or reconstruction of the carriageway. See Wyatt v. City of Louisville, 206 Ky. 432, 267 S. W. 146.

We are therefore constrained to the view that this ordinance does not provide by general plan for the apportionment of cost of sidewalk construction, and that the appellant was therefore not precluded in the construction of the sidewalk involved in this case from putting the entire cost of its construction upon the abutting property.

The judgment of the lower court not being in accord with these views, it is reversed, with instructions to enter a judgment pursuant to this opinion.