Weller and Weller *v.* The Grange Mutual Casualty Ins. Co. of Harrisburg, Pa., Appellant.

548

Argued April 20, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*A. M. Shumaker,* and with him *Orville Brown,* for appellant.

*Wylie McCaslin,* for appellee.

OPINION BY BALDRIGE J., July 14, 1932:

This is an appeal from a judgment entered in an action of assumpsit under an employer's liability policy "indemnifying employers engaged in agricultural pursuits for claims brought against them by their employees."

Plummer Black, an employee of the appellees, was injured on March 15, 1928, while engaged in the operation of a sawmill. After the injury, the insurance company paid Black $235 on account of the injury and

paid the doctor $25, but refused to pay any further amount, contending that the payments were made by mistake as the policy did not cover the injury. The employee filed a claim for compensation to the state workmen's compensation authorities and an award was made to him on account of the injury. The plaintiffs paid $1,550 to the employee on account of the award. This suit was brought to recover that amount with interest.

The defendant denied liability on the ground that the work in which Black was engaged at the time of the injury was a commercial venture—in no way connected with the plaintiffs' agricultural operations, and not covered by the insurance policy. The appellees obtained judgment in the court below.

The first position taken by the appellant in its statement of questions involved is, that the present suit was prematurely instituted, as, under article 27 of the by-laws of the policy, "no action shall lie against the company for failure to defend any such claim, action, suit or legal proceeding, unless brought by and in the name of the member for loss actually sustained and paid in money by the member in satisfaction of a judgment after trial of the issue;" and that as only part of the judgment had been paid, and no satisfaction entered, the right of action against the defendant had not accrued. That question was not raised by the pleadings, nor at the trial of the cause, and, therefore, will not be considered in this appeal: Bennar v. Central Mausoleum Co., 304 Pa. 569, 572; Lincoln Deposit & Trust Co. v. Sanker, 305 Pa. 576, 581.

The insurer, under section II of the policy, agreed to "indemnify the employer against loss by reason of the liability imposed by law (meaning common law not in excess of $5,000, or any Workmen's Compensation Law of Pennsylvania) upon him for damages on account of personal injuries, including death ......
sustained by any employee who refuses to accept the

voluntary compensation set forth." Section V contains the following provision: "This policy shall cover only employees of the employer legally employed by him in agricultural pursuits and duties incident thereto." J. A. Weller, one of the appellees, testified that he told the secretary of the company, at the time the application for the policy was made, that he and his son were engaged in commercial sawmilling, cider making and hauling. On cross examination he was asked: "Q. Did Mr. Allen state to you that the insurance would cover running a cider press, hauling, and running a sawmill on land other than your own? A. That was the understanding. Q. For the premium mentioned in this policy? A. Yes, sir; it was." There was no attempt to contradict that testimony. The plaintiffs contended that in order to give them additional protection to that afforded by the printed portion of the policy, there was then added, under "Declarations," the following, in typewriting: "Agricultural pursuits and all necessary duties incident thereto, including occasional sawmilling (not in excess of three weeks), cider press and hauling, $500."

We are obliged to ascertain the intention of the parties to this contract as in any other contract. In fulfilling this duty, "the written portions of an insurance policy must be taken as being more immediately expressive of the intention of the parties, and must prevail over the printed portion, if there is any repugnancy or conflict between them": McClure v. Mutual Fire Ins. Co., 242 Pa. 59, 65. In view of the language used in section V—"agricultural pursuits and all necessary duties incident thereto,"—it is natural to assume that the parties had intended to make the coverage more comprehensive than provided in that section. As the learned court below points out, one engaged in sawmilling, incident to operating a farm where the lumber was to be used for the maintenance of the buildings, or hauling about the farm,

comes within section V of the policy. If the purpose simply was to clarify language that was uncertain, it is highly improbable that the words "occasional saw-milling (not in excess of three weeks)" would have been used. The operation of a cider press, or a saw-mill, may or may not be incident to agriculture; either may be conducted as a distinct commercial enterprise. There can be no question, however, that a certain amount of hauling is always incident to agriculture. It is inconceivable that one may conduct a farm without doing some hauling. It would seem, therefore, that the parties intended, by adding the typewritten portion to the policy, to cover something other than labor ordinarily incident to agricultural pursuits.

The appellant argues that the word "including," as used with "occasional hauling," should be interpreted in a sense of limiting rather than enlarging what has been stated immediately before, and does not bear the meaning of "and" or "also," as held by the lower court. The word "including" has two shades of meaning, as illustrated in Pepper's Est., 154 Pa. 340, where the testator gave to the Pennsylvania Academy of Fine Arts a bequest of $50,000, inclusive of the academy's note. The testator, at the time of his death, held the academy's note in the sum of $8,000 for money loaned. The court held that the amount of the note should be deducted from the legacy. On the other hand, in Cummins v. German American Ins. Co. of New York, 197 Pa. 61, the policy on which an action was brought was on a "barn, including sheds and additions attached." The court held that the two sheds separated from the barn by a driveway, but attached thereto by bars, were within the provision of the policy. In Jacksonville Term. Co. v. Blanshard, 77 Fla. 855, 82 So. 300, the statute provided "that all costs ...... including reasonable attorney's fee," etc.; and in Wyatt v. City of Louisville, 206 Ky. 432, 267 S. W. 146, the statute authorized the city to recon-

struct sidewalks including curbing. These cases, as well as U. S. v. Pierce, 147 Fed. 199; Sullivan Mach. Co. v. U. S., 168 Fed. 561, and a number of other cases, support the theory that "including" is used in the sense of "and" or "also." Webster defines "including" as follows: "To comprehend or comprise;...... to take or reckon in; to contain, embrace."

The word "including" has a restrictive or enlarged meaning—depending upon the circumstances. As used in this policy, we are of the opinion that it is more comprehensive than the interpretation placed upon it by the appellant and that it should be held to mean something beyond the general language which immediately preceded it. In this connection we must bear in mind that the terms of the contract, being the words of the insurer, are to be construed most strongly against the company. Where the terms of the policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted: Humphreys v. Natl. Benefit Assn., 139 Pa. 264; Marcello v. Concordia Fire Ins. Co., 234 Pa. 31; Hubbard v. Globe Indemnity Co., 87 Pa. Superior Ct. 483.

After giving careful consideration to the elaborate argument presented by the appellant, we are of the opinion that the record disclosed sufficient facts to justify the conclusion reached by the lower court that the policy indemnifies the insured against this employee's claim.

Judgment affirmed.