## Falls Township v. Wisniewski et al.

*Willard S. Curtin*, for Falls Township.

*T. Louis Rubin* and *Daniel Rendine*, for defendants.

BIESTER, J., June 9, 1954.—This action arises out of a bill in equity filed by the Township of Falls seeking an injunction to restrain defendants from the storage of abandoned and junked automobiles on the premises occupied by defendants in the Township of Falls, Bucks County.

A hearing was had before the chancellor, and on June 19, 1953, his adjudiction was filed in which he set forth 24 findings of fact and 5 conclusions of law. The decree nisi enjoins defendants "from conducting their business of storing of abandoned and junked automobiles and the dismantling and wrecking thereof and selling parts therefrom anywhere in the Township of Falls, County of Bucks, and State of Pennsylvania", and directs them to remove all such automobiles from the premises within 60 days.

To this decree nisi defendants have filed eight exceptions to the findings of fact and have also excepted to conclusions of law nos. 2, 3, 4 and 5.

In the light of the exceptions filed to the chancellor's findings of fact, we have reëxamined the testimony and find each of such findings to be amply supported by the evidence. It is true that many of such findings are based upon testimony which is in dispute and had the chancellor found the testimony of defendants to be more reliable and credible than that of plaintiff's witnesses, a number of such findings could not be sustained. However, as was said in the adjudication, "the evidence produced by plaintiff was more convincing both as to quantity and quality". Accepting the testimony of plaintiff's witnesses in such disputed matters, there is reliable evidence for the support of each of such findings.

Finding of fact 24 covered by the eighth exception is in a different category than the other findings in that it is a conclusion or deduction based upon the other findings of fact and dependent upon them for its

validity. See Crew et al. v. Gallagher et al., 358 Pa. 541, 544; Brooks et al. v. Conston et al., 356 Pa. 69.

This finding is that "The operation of defendants' business in its present location as such operation has been conducted constitutes a nuisance in fact".

Not only does such a finding derive its strength from the validity of the other findings of fact, but since the determination of the reasonableness or unreasonableness of the use of the premises occupied by defendants is a factor of great importance in determining whether a nuisance did, in fact, exist, it partakes in its nature of both a question of law and a question of fact. See Hannum et al. v. Gruber et al., 346 Pa. 417, 423.

The chancellor has discussed at length in his adjudication whether the findings of fact, other than finding of fact 24, sustain the ultimate finding of the existence of a nuisance and has concluded that such ultimate finding is justified.

We see no occasion to rediscuss this problem, as such discussion would be merely repetitious of the treatment of the subject contained in the adjudication. Suffice it to say that the subsidiary findings of fact appear to justify the eventual finding that the business of defendants was being so conducted as to constitute a nuisance.

The chancellor, however, does not rely upon this finding for the issuance of the injunction, but indicates, on the contrary, that, in the absence of the ordinance involved, "in an attempt to preserve the rights of all the parties, the chancellor would enjoin certain objectionable features of the defendants' conduct of their business". It is, therefore, implicit in the adjudication that the granting of the decree prayed for is dependent upon the meaning and validity of the ordinance in question. The chancellor's finding that defendants did, in fact, conduct their business in such a manner as to constitute a nuisance, although germane to the issue, is not controlling of it.

The ordinance in dispute as set forth in finding of fact 18 of the chancellor is as follows:

"Ordinance

"Prohibiting nuisances, including but not limited to accumulations of garbage and rubbish, the storage of abandoned or junked automobiles on private and public property, and the carrying on of any offensive manufacture or business, and providing penalties for the violation thereof.

"Be it enacted and ordained by the Township Supervisors of Falls Township and it is hereby enacted and ordained by the authority of same:

"Section 1. That it shall be unlawful for any person or persons, corporation, partnership, unincorporated association or any entity whatsoever, to accumulate or to permit the accumulation of garbage or rubbish, or the storage of abandoned or junked automobiles or the carrying on of any offensive manufacture or business which would create a public nuisance within the limits of the Township of Falls, Bucks County, Pennsylvania.

"Section 2. In the event any person or persons, corporation, partnership, unincorporated association, or any entity whatsoever, shall violate any of the provisions of this Ordinance, the Supervisors of Falls Township shall order the removal of any such nuisance or dangerous structure from public or private ground after ten (10) days notice to the owners or occupants of the premises to do so and, upon default of the owners or occupants of the premises to abate such nuisance, the Supervisors of Falls Township shall abate or remove the same and collect the cost of such removal, together with a penalty of Ten Dollars ($10.00) from the owners or occupants of the premises by summary proceedings."

The legislative authority under which the ordinance was enacted is contained in The Second Class Township

Code of July 10, 1947, P. L. 1481, 53 PS §19093-702-XII, which empowers such townships to prohibit certain nuisances in the following language:

"Nuisances. To prohibit nuisances, including but not limited to, accumulations of garbage and rubbish, and the storage of abandoned or junked automobiles, on private and public property, and the carrying on of any offensive manufacture or business; and to remove any nuisance or dangerous structure on public or private grounds after notice to the owner to do so, and, in his default, to collect the cost of such removal, together with a penalty of ten dollars from the owner by summary proceedings. In the exercise of the powers herein conferred, the township may institute proceedings in courts of equity."

Whereas defendants' counsel, in his brief and argument prior to the filing of the adjudication, concentrated his attack upon the ordinance itself, the focal point of his argument is now directed to the foregoing legislative authority under which the ordinance was passed.

Defendants contend that this section is clear and unambiguous and that it is apparent that the legislature has, by its provisions, given authority to second class townships to prohibit nuisances, including the storage of abandoned or junked automobiles, only when such storage of automobiles constitutes a nuisance in fact; that the statute was not intended to, and does not, authorize townships to declare such storage to be a nuisance unless it is so in fact.

We are not in accord with this construction of the section in question. On the contrary, we view it as giving authority to the township to declare any storage of abandoned or junked automobiles to be a nuisance. In doing so we regard the word "including", as it is used in the section now under consideration, as being a term of enlargement rather than a word of limita-

tion. See Weller and Weller v. The Grange Mutual Casualty Ins. Co. of Harrisburg, Pa., 105 Pa. Superior Ct. 547; Cummins v. German American Insurance Company of New York, 197 Pa. 61.

Reference to the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, etc., appears to lend weight to this view. The legislature cannot be deemed to intend that language used in a statute shall be superfluous and without import: Commonwealth v. Mack Bros. Motor Car Company, 359 Pa. 636. We are also directed to be guided by the presumption "that the legislature does not intend a result that is absurd, impossible of execution or unreasonable", and our courts have said that in construing a statute good sense and practical utility must be considered and that each act should receive a sensible construction: Hannum et al. v. Gruver et al., supra; Crew et al. v. Gallagher et al., supra.

If we adopt the construction sought for by defendants, sufficient authority would be vested in the township if the legislature had simply authorized townships of the second class "to prohibit nuisances" and the definitive language following as to the type of activity which might be considered a nuisance would be useless, superfluous and without import.

The Statutory Construction Act also permits us to consider, inter alia, the occasion and necessity for the law, the circumstances under which it was enacted, the mischief to be remedied and the object to be obtained. After giving consideration to all of these factors, it is our conclusion that it was the intention of the legislature to authorize the municipality to prohibit, under any and all circumstances, the storage of abandoned or junked automobiles.

It is also the contention of defendants that the section of The Second Class Township Code hereinbe-

fore referred to, and the ordinance passed under the authority thereof, are unconstitutional if interpreted, as we have done, as conferring upon the township authority to declare the storage of abandoned or junked automobiles to be a nuisance under any circumstances. This question of constitutionality was dwelt upon at some length by the chancellor.

It is our view, as it was that of the chancellor, that where an enterprise, although not a nuisance per se, has the characteristics of a nuisance and the capacity or tendency to injure the health, morals, safety or interest of the public, it falls within a classification justifying the legislature under its police power to declare it to be a nuisance, or to authorize the local authorities to do so. The chancellor cites a number of cases in support of this proposition which need not be here again referred to. It should be stressed, however, that where an ordinance is passed under the express authority of the legislature it cannot be set aside for mere unreasonablenes. Thus, in Kistler v. Swarthmore Borough, 134 Pa. Superior Ct. 287, an ordinance under legislative authority prohibiting motion picture theaters in the Borough of Swarthmore was held to be a valid exercise of such conferred authority.

For the reasons hereinbefore expressed, defendants' exceptions to the chancellor's adjudication and decree nisi are hereby dismissed and the adjudication confirmed.

### Final Decree

Now, June 9, 1954, after hearing and upon consideration of the evidence, it is ordered, adjudged and decreed that defendants be, and they are, hereby enjoined from conducting their business of storing of abandoned and junked automobiles and the dismantling and wrecking thereof and selling parts therefrom anywhere in the Township of Falls, County of Bucks, and State of Pennsylvania, and defendants are hereby

ordered and directed to remove all said automobiles from the premises now occupied by them within 60 days of this final decree.