# Plymouth Cordage Company *v.* Pennsylvania Wood Company, Appellant.

*Arbitration—Referee's finding of fact—Terms of parol contract.*

In an action of assumpsit for goods sold and delivered on a parol contract, where the evidence as to the terms of the contract is contradictory, a referee's finding that the contract was " that the defendant buying from the plaintiff twine in carload lots for current needs would be charged therefor the lowest current prices charged the plaintiff's other customers, competitors of defendant, purchasing at the same time and in like amounts and under the same conditions," will not be disturbed, where it appears that the finding is based upon sufficient evidence, and has been confirmed by the court below.

Argued March 25, 1902.    Appeal, No. 403, Jan. T., 1901, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 477, dismissing exceptions to report of referee in case of Plymouth Cordage Company v. Pennsylvania Wood Company. Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Exceptions to report of George Wharton Pepper, Esq., referee.

The appellant's book contained the following "Statement of Question Involved."

The plaintiff alleged that its contract was "if the defendant would procure from the plaintiff all the twine necessary for its use, the plaintiff would fill the defendant's orders at the lowest market prices, giving to the defendant every advantage that it afforded to the plaintiff's other customers purchasing at the same time and in like amounts under the same conditions."

The defendant alleged that its contract was "that, if the defendant would give to the plaintiff all its orders for lath yarn to be used at its mill at Galeton, Potter county, Pa., plaintiff undertook and agreed that for all purchases of twine thereafter made the defendant should not be charged a greater sum than the plaintiff would charge competitors of the defendant for the same kind of lath yarn furnished at or about the same time."

The referee found that the contract was "that the defendant buying from the plaintiff twine in carload lots for current needs would be charged therefor the lowest current prices charged the plaintiff's other customers, competitors of defendant, purchasing at the same time and in like amounts and under the same conditions."

The question is, What does the evidence show the contract was?

The referee found in favor of the plaintiff in the sum of $4,190.81.

Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to referee's report.

*Dimner Beeber*, with him *J. Levering Jones*, for appellant.

*Richard. C. Dale*, with him *Hazard Dickson* and *Samuel Dickson*, for appellee.

Per Curiam, June 4, 1902:

The judgment in this case must be sustained, unless we dis-

turb findings of fact confirmed by the court below. This we are unwilling to do, not having been persuaded that there is error in any of the findings or conclusions of the careful and learned referee.

The second and fourth specific findings were:

" In a conversation had between the agents of the plaintiff and the defendant, in September, 1896, the plaintiff's representative stated, in substance, to the defendant's representative that the defendant, buying from the plaintiff twine in carload lots for current needs, would be charged therefor the lowest current price charged the plaintiff's other customers, competitors of the defendant, purchasing at the same time and in like amounts and under the same conditions. No time was fixed during which this arrangement should continue, but, in fact, the plaintiff made all charges to the defendant on this basis."

" The parties did not agree, as contended by the defendant, that the defendant should pay for twine bought by it from the plaintiff the smallest amount per pound paid by any of the defendant's competitors for twine shipped to such competitors at the same time by the plaintiff, regardless of whether such twine was bought by such competitors in carload lots or in large quantities at a fixed price for future delivery as needed and regardless of when such contracts for future delivery were made."

A further finding, not excepted to, was :

" The prices thus charged were duly paid by the defendant to the plaintiff except those for the shipments of February 24, 1899, and April 10, 1899, to recover which the suit is brought, and in no instance was a lower price charged to any of the plaintiff's other customers, competitors of the defendant, purchasing at the same time, in like amount and under the same conditions."

In view of the foregoing findings, the learned referee rightly refused to sustain the contention of the defendant, that other customers of the plaintiff, with whom it had made contracts for future deliveries, and to whom it was bound to deliver at contract prices, notwithstanding the rise in the market, should be regarded as " plaintiff's other customers, competitors of the defendant, purchasing at the same time and in like amounts and under the same conditions," and that the plaintiff could

charge it no higher prices than such customers paid for the yarn delivered to them from time to time in pursuance of said contracts with them.

Plaintiff's statement contains not only an averment of an express contract with the defendant, but also one that it became liable to pay what was the just and fair market value of the shipments of twine, and the conclusion of the referee was correct, that, " under such circumstances, it is not fatal to the plaintiff's action that the evidence fails to show the existence of a contract as alleged."

Judgment affirmed.