## C. Vernon Rettew Company v. Heller, Appellant.

*Insurance—Premiums—Action for—Trials—Appeals—Questions not raised in the court below.*

In an action af assumpsit for the balance of premiums due on policies of insurance, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to the disputed items of account, and the matters were properly submitted to the jury.

*Appeals—Theory not raised in court below—Refusal to consider.*

An appellate court will not review a case on a different theory from that on which it was tried in the court below, nor will it consider other questions than those presented for determination at the trial.

Argued March 17, 1925. Appeal, No. 13, March T., 1925, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1922, No. 231, in the case of C. Vernon Rettew Company v. Sarah Heller. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover balance of premiums on policies of insurance. Before HARGEST, P. J.

The facts are stated in the opinion of the Superior Court. ·

. Verdict for plaintiff in the sum of $774.40, and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the court.

*Paul A. Kunkel,* for appellant.

*E. E. Beidleman* and *Arthur H. Hull,* for appellee. ·

OPINION BY HENDERSON, J., April 28, 1925:

The plaintiff's action was brought to recover the balance of premiums on various policies of insurance, issued, as alleged, at the request of the defendant of which she received the benefit and for which she promised to pay. Credits were allowed for payments made by the defendant on account, for return premiums on cancelled policies and for rent due by the plaintiff for a storeroom owned by the defendant. The defense presented at the trial was that the policies, or a considerable number of them, were not ordered by the defendant and that she was not aware they had been issued; that certain items collected by the plaintiff on her account had not been paid to her and that she was entitled to rent for the storeroom at the rate of $50 per month, on which she should have an additional credit of $200. The controversy with respect to the disputed accounts was clearly presented to the jury and a verdict was rendered in favor of the plaintiff. In this appeal a proposition is presented for our consideration which was not raised in the court below. Neither in the affidavit of defense nor the charge of the court is there any indication that the subject was considered. At the close of the charge, the court asked the counsel on the respective sides whether they had any suggestions for further in-

structions, and from both the answer was that they had none.  It has been frequently decided that an appellate court will not review a case on a different theory from that on which it was tried in the court below, nor will it consider other questions than those which were presented for determination at the trial: Armstrong v. Phila., 249 Pa. 39; Hurt v. Fuller Canneries, 263 Pa. 238; Flyte v. Stover, 72 Pa. Superior Ct. 531.  There is nothing for our consideration, therefore, unless the record discloses a basic error of which the appellate court should take notice.  The statement of the questions involved recites that "the evidence shows that the plaintiff violated section 635, article VI, of the Act of May 17, 1921, P. L. 816" which provides: "No insurance agent, ......shall offer, promise, allow, give, set off, or pay directly or indirectly, any rebate of, or part of, the premium payable on the policy......for insurance or any risk......which is not specified in the policy contract of insurance; nor shall any such agent......personally or otherwise......give......or purchase......any ......thing of value whatsoever, as inducement to insurance or in connection therewith.  Nothing in this section shall be construed to prevent the taking of a bona fide obligation, with legal interest, in payment of any premium."  The only assignment of error is to the charge of the court as a whole.  As it was responsive to the pleadings and evidence, it is not obnoxious to criticism unless it is fundamentally erroneous.  Nothing on the record brought up would subject it to this condemnation.  The plaintiff was engaged in business as an insurance agent and had for a long period procured insurance in various companies for the defendant at her express or implied request.  The policies were in force and after a fire the defendant secured a large sum of money on some of the policies as a result of the plaintiff's management of her insurance business.  It has not been pointed out which of the plaintiff's items of account are objectionable.  If any of them are not sustainable at

418, (1925).]    Opinion of the Court.

law, it was the duty of the counsel to object at the trial in order that the question of their legal validity might be ascertained. The record as presented does not support the assignment.

The judgment is affirmed.