## Foulk et al. v. Hampton, Appellant.

Argued January 13, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Truman D. Wade,* with him *Joseph G. McKeone,* for appellant.

*W. E. Greenwood,* with him *Thomas L. Hoskins,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 5, 1930:

Defendant, who was the general contractor for the erection and construction of a public school, entered into a subcontract with plaintiffs for them to supply certain of the materials and do certain of the work required by the general contract. By agreement of the parties, a referee was selected to try the present suit, brought on the subcontract; he filed a report, which was referred back because of an error of law which affected his award; a second report was likewise sent back for the same reason; and his third report, finding in favor of plaintiffs, as the others had done also, was approved by the court below, judgment entered on it and defendant appeals.

He strenuously contends that the earlier reports should not have been referred back, since no additional testimony was to be taken by the referee, but that the court below should itself have reviewed the evidence and entered judgment on the record as it then stood. It was under no obligation to take such a burden on itself,

however; and, if it had done so, would have been deprived of the benefit gained by the referee's having seen and heard the witnesses,—a matter of considerable importance when determining what weight should be given to oral evidence: Clarkson v. Crawford, 285 Pa. 299, 303; Robb v. Stone, 296 Pa. 482. The right to refer back is expressly given by the broad language of the Act of May 4, 1889, P. L. 80, amending that of May 14, 1874, P. L. 166, and hence this contention cannot be sustained.

The next objection is that the court below erred in upholding the referee in his refusal to charge plaintiffs with the sum of $25 per day, as specified in the subcontract, for each of the 310 days alleged delay in finishing their work. The referee found as a fact, however, "that the plaintiffs have sustained their contention that the delay in the completion of the contract was not due to any act, failure or negligence on their part, but that they completed their work in accordance with the terms of their agreement." In order to determine whether or not this finding was proper, we have patiently read and considered the 392 pages of evidence submitted to us, with the result that we have found ample testimony to sustain the referee's conclusion. That testimony was believed by him, and, as his finding was approved by the court below, we approve it also: Plymouth Cordage Co. v. Penna. Wood Co., 203 Pa. 206.

Defendant also contends that the court below erred in sustaining the referee's conclusion that plaintiffs should not be charged with $1,600, which defendant paid for damp-proofing certain of the exterior walls of the school building. He claimed this was a part of the work plaintiffs were to do under their contract to "provide all the materials and perform all the work for the brick work, hollow tile, gypsum block (including scaffolding, etc.) and all work appurtenant thereto." It would seem from the fragment of the general contract printed for our use, that the damp-proofing was treated

therein as "a part of the specifications for brick work and hollow tile," which, by the subcontract as above quoted, plaintiffs agreed to do. This was a disputed question, however, the answer to which is by no means free from doubt; and plaintiffs' testimony tended to show that, before they put in their bid, defendant expressly agreed this work was not to be included in it. That this was probably true, is borne out by the fact that, while plaintiffs were considering the amount of their bid, defendant was seeking to obtain from a third party, who was engaged in the business of damp-proofing, a separate bid for that and some other work of the same general character; and before the time for doing this character of work arrived, the separate bid had been accepted, and the third party thereafter did the work. Moreover, in none of the accounts which defendant sent to plaintiffs, was this expense ever suggested as a claim against them; nor was it specified in defendant's elaborate affidavit of defense and counterclaim. It was not even referred to until after the major part of the testimony had been taken, and then defendant simply said it "is omitted from my statement in my counterclaim, and I want to amend by adding that"; but he did not assert it was omitted by mistake, nor did he ever make the amendment. Moreover, the claim as presented is included in a bid of $2,600 for this and other work, and the evidence is silent as to whether or not the $1,600, attempted to be charged against plaintiffs, fairly measures the cost which they would have incurred had they done the damp-proofing. On this state of the record, we cannot possibly sustain defendant's contention on that point.

It is finally alleged that the referee erred in not stating separately his findings of fact and conclusions of law, as required by the Act of 1874, supra. In answer to this, it suffices to say that no such question was raised in or considered by the court below, nor is it in-

276

cluded in any assignment of error. For each of these reasons we must ignore the objection: Kohn v. Burke, 294 Pa. 282; Com. v. Crow, 294 Pa. 286.

The judgment of the court below is affirmed.