Borough of State College, Appellant, *v.*
Pontius et al.

Argued October 26, 1933.

Before TREXLER, P. J., KELLER,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*Newton B. Spangler,* for appellant, cited: The Borough of Throop v. Sons of St. George, 32 Lack. 207; City of Johnstown v. Dibert, 88 Pa. Superior Ct. 117.

*Rufus C. Elder,* for appellee, cited: Kohn v. Burke, 294 Pa. 282; Cruden Martin Mfg. Co. v. Turner, 283 Pa. 545.

OPINION BY STADTFELD, J., March 8, 1934:

This was an action on a scire facias sur municipal lien entered June 4, 1926 in the court of common pleas of Centre County to No. 38, September Term, 1926, for the sum of $260.76 with interest from December 21, 1925 which the parties agreed should be heard by the court on a case stated and judgment entered in favor of the plaintiff if the court be of opinion that the lien of the said municipal claim has not been divested by the sheriff's sale hereinafter referred to, but if divested by said sale then judgment to be entered for defendant. The case was heard and judgment entered in favor of defendant in an opinion by FLEMING, P. J., of 49th judicial district.

The plaintiff constructed a sewer on Foster Avenue in the Borough of State College and completed the same on December 21, 1925 and at that time made an assessment by the foot front rule against the properties adjoining the sewer for the cost of the same. The lien was filed against the two lots owned then by D. Harvey Pontius under the authority of the general borough act approved May 14, 1915, P. L. 312 and its amendments, in the sum of $260.76, and provided for its payment in five years from December 21, 1925 in ten equal semi-annual installments with interest at the rate of six per cent per annum, and contained no forfeiture clause. The installments were payable

on June 21st and December 21st of each year thereafter.

D. Harvey Pontius and his wife conveyed the lots described in the lien with other property to Charles Z. Bearley and Charles W. Bearley by deed dated September 25, 1926, recorded September 28, 1926. No portion of said municipal lien was paid either by said Pontius or by his grantees.

A number of judgments were subsequently obtained against the Bearleys. The first judgment was entered June 16, 1927, to No. 70, September Term, 1927, in the court of common pleas of Centre County in the sum of $2,000, attorney's commission $100, and interest from June 24, 1927, wherein the Russell National Bank is plaintiff and C. Z. Bearley and D. Harvey Pontius, defendants, the latter as bail. Subsequently other judgments were entered against the same parties approximating at least $20,000. On above judgment No. 70, September Term, 1927, a fi. fa. was issued to No. 61, May Term, 1928. Thereafter on the same judgment a writ of venditioni exponas was issued to No. 11, September Term, 1928. On the latter writ the sheriff on June 26, 1928, sold the real estate of C. Z. Bearley and C. W. Bearley, consisting of a number of lots, including the two lots against which the municipal lien had been entered, against the prior owner, D. Harvey Pontius, to Mifflin County Bank. The sheriff made a special return of the sale.

Before making the return of sale the sheriff obtained from the prothonotary a certified list of liens which contained a municipal lien for street grading against the Bearleys, but does not contain the municipal lien for sewer construction entered against D. Harvey Pontius. Under the special return the grading lien against the Bearleys was paid, but not the Pontius lien, in the instant case, although there were sufficient funds to do so.

Before the expiration of five years from the date of entry, the appellant, on May 23, 1931, issued the scire facias, in the instant case, to reduce the lien to judgment and collect the same.

Under the case stated for the opinion of the lower court, it was set forth therein, "that there is due and owing to the said Borough of State College the said principal sum (of said municipal lien) with interest aforesaid." It further provided, "if the court be of the opinion that the lien of said municipal claim has not been divested, by said sheriff's sale, then judgment to be entered for the plaintiff, but if divested by said sale, then judgment to be entered for the defendant."

The court in an opinion by FLEMING, P. J., found as conclusions of law that the sheriff's sale wherein the property in question was sold to the Mifflin County Bank was a judicial sale and that the lien of the plaintiff, the Borough of State College, was divested thereby and, pursuant to the stipulation in the case stated, entered judgment in favor of defendant. From that judgment this appeal was taken on July 21, 1933. Subsequently on September 19, 1933, the plaintiff under Rule 55 of this court, notified the defendant that it had filed in the court below a statement of questions it intended to argue on the appeal. The first was that the municipal lien was not due; second, that the amount of the lien was not determined; and third, that the sale was not a judicial sale and did not discharge the lien. The appellee filed objections to the inclusion of the first and second questions for the reasons that they were not raised in the hearing before the court. The lower court, after hearing, held that it was without jurisdiction either to eliminate or to include questions to be raised upon the appeal, and dismissed plaintiff's motion for re-argument.

The assignments of error raise the following ques-

tions: (1) Was not the lien not due and therefore not divested by the sheriff's sale. (2) Was not the amount of the lien undetermined at the time of the sale; and (3) Was the sheriff's sale a judicial sale, whereby the lien was discharged.

In the lower court, under the case stated, the only point submitted and decided was that the lien was divested by the sheriff's sale which it held to be a judicial sale.

An objection not raised in the court below will not be considered on appeal: Kohn v. Burke, 294 Pa. 282.

An appellate court will not review a case on a different theory from that on which it was tried in the court below, nor will it consider other questions than those presented for determination at the trial: Rettew Co. v. Heller, 85 Pa. Superior Ct. 418.

The first and second questions were not submitted under the case stated. The parties, as also the court, are bound by the statement of facts contained in the case stated. The only question presented for review is the propriety of the judgment on the facts so agreed upon.

The lower court in refusing a re-argument, did so for the reason that it would permit plaintiff to raise questions, after taking an appeal, which questions it could have raised, and did not raise, at the original argument. The effect of the appeal was to stay further proceedings in the case in the lower court until the disposition of the appeal. Quoting from our own case of Swartz v. Biben, 87 Pa. Superior Ct. 270, 272: "The practice, sometimes indulged in by lower courts, of modifying (except in matters of form) or reversing orders from which an appeal has been taken, and is pending, is disapproved."

While we are entirely in accord with the disposition of the case by the lower court, and in its refusal to re-open the case and grant a re-argument after the ap-

peal was taken, nevertheless on account of the importance of the questions raised and the public interest therein, we will discuss the same, without desiring to have our action in that respect, considered as a precedent.

We will discuss first the question as to the divestiture of the lien.

The Act of May 16, 1923, P. L. 207, Sec. 3, P. S. A. Title 53, Sec. 2023, page 377, provides: "All municipal claims shall be and they are hereby declared to be a lien on said property, etc., and said lien shall have priority to and be fully paid and satisfied out of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate, with which the said property may become charged, etc., except only for costs of the sale and of the writ upon which it is made and the taxes imposed or assessed on said property."

Under the same Act, Sec. 31, P. S. A. Title 53, Sec. 2051, page 545, it is provided: "The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, (a) where the amount due is indefinite or undetermined, (b) where the same is not due and payable, (c) as respects so much thereof as the proceeds of such sale may be insufficient to discharge, (d) except to the extent that the proceeds realized are sufficient for its payment, after paying the costs and expenses of sale, and of the writ upon which it was made, and any other prior tax or municipal claims to which the fund may first be applicable."

If any of the conditions cited were present in the instant case, the lien would not be divested.

Was the lien not due at the time of the sheriff's sale and indefinite or undetermined and therefore not divested? These may be considered together.

The ordinance under which the sewer, the construction of which was the basis of the lien, provided: "The

assessment made or levied against all properties fronting and abutting on the sanitary sewer line as provided in section 2 hereof, shall be made or levied by the foot front rule, etc.''

The lien filed sets forth that the sewer was constructed under an ordinance providing for an assessment on the foot front rule, and that ''the assessment was made at the date of the completion of the improvement, which was December 21, 1925;'' and that ''The amount of the assessment against the property hereinabove described is $260.76. The amount heretofore paid by the owner is none. The amount hereby filed, for which a lien is claimed against said premises, is the sum of $260.76 with interest from December 21, 1925.''

The Act of May 16, 1923, supra, provides, in Sec. 9, what an undetermined amount is where an appeal is taken from the assessment for the recovery of which such municipal claim is filed, and requires the claim to be indexed by the prothonotary upon the judgment index ''as an undetermined amount.'' In the instant case, there is no averment in the case stated that an appeal was taken. The amount, as set forth in the lien, has been definitely determined and agreed upon in the case stated and is prima facie evidence of the correctness and validity of the assessment: Harmony Borough v. Rape, 49 C. C. 350.

We find no provision in any act of assembly, nor have we been referred to any case, which requires a sci. fa. or a judgment on the lien to be had before the amount of the lien shall be determined to be definite. To so hold would produce the anomalous result of no lien being divested unless a judgment thereon be had before a sale.

In Township of Lower Merion v. Manning, 95 Pa. Superior Ct. 322, this court in an opinion by GAWTHROP, J., in construing the Act of May 28, 1915, P.

L. 599, which contained a similar provision as the Act of 1923, now under consideration, said, p. 328: "The law in force at the time the sheriff's sale took place as to the effect of judicial sales was the Act of May 28, 1915, P. L. 599, which provides in Section 32: 'The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined ...... nor shall the lien of a tax or municipal claim be divested by any judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge.' We said in City of Johnstown v. Dibert, 88 Pa. Superior Ct. 117, 122: 'The provisions of the Act of 1915 did not change the established law that a judicial sale divests all liens and turns them over to the proceeds, but qualified the rule only to this extent, that, so far as tax and municipal claims are not reached and paid in full, they shall continue to be a lien.' As the plaintiff failed to assert its right against the proceeds of the sale, it is gone."

The case stated set forth in par. 5th that the municipal lien had been entered/ for the sum of $260.76 with interest from December 21, 1925 "being an assessment on the foot front rule for the installation of a sewer on the street adjacent to the lots of ground described in said lien." Par. 8th sets forth that no portion of said lien has been paid and "that there is due and owing to the said Borough of State College the said principal sum with interest aforesaid."

The lower court, in the opinion filed says "Plaintiff raises no question as to the amount of the lien in question being definite and determined, nor does it dispute the fact that such lien was due and payable at the time of the sheriff's sale."

Appellant contends that neither the ordinance nor the lien set forth that there was any forfeiture or right of anticipation by reason of default in payment

of any semi-annual installment. The Act of May 14, 1915, P. L. 312, known as the General Borough Law, on page 364 under chapter VI, article 12, section 26, provides: "In case of default, in the payment of any installment and interest for a period of sixty days after the same shall become due, the entire assessment and accrued interest, shall become due; and the solicitor shall proceed to collect the same under the general laws relating to the collection of municipal claims."

On the facts as agreed upon, under the provision of the act quoted, the whole amount of the lien was due and payable at the time of the sheriff's sale, and therefore payable out of the proceeds if sufficient.

Appellant contends that the sheriff's sale was not a judicial sale and that the lien was therefore not divested, and cites authorities from other jurisdictions in support of its position. Whatever may be the decisions in other States, the question is not an open one in our State. This court in the case of City of New Castle v. John Whaley's Heirs, 102 Pa. Superior Ct. 492, in an exhaustive opinion by our Brother BALDRIGE, discussing this question, said, on p. 496: "A judicial sale is defined by Rapalje and Lawrence, Vol. 1, page 299, as 'a sale under the judgment, order, or decree of the court; a sale under judicial authority by an officer legally authorized for the purpose, such as a sheriff's sale, an administrator's sale, etc.' Bouvier, Vol. 2, page 1754, Rawle's Third Edition, gives as a definition: 'A sale, by authority of some competent tribunal, by an officer authorized by law for the purpose. The term includes sales by sheriffs, marshals, masters, commissioners, or by trustees, executors, or administrators, where the latter sell under the decree of a court."

Whether considered from the standpoint of the question raised under the case stated, or on the several

questions raised by appellant on this appeal, we find no error in the judgment of the lower court.

The assignments of error are overruled and judgment affirmed.