## Blessing *v.* Philadelphia Rapid Transit Company (et al., Appellants).

Submitted November 27, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Elias Magil, Philip Sterling,* of *Sterling & Willing,* and *Bernard J. Myers,* for appellants.

*Harry S. Ambler, Jr.,* and *Bernard J. O'Connell,* for appellee.

PER CURIAM, December 16, 1936:

Rule 226(4) of the Court of Common Pleas of Philadelphia County provides:

"No . . . writ of scire facias shall issue . . . unless the præcipe therefor be filed not more than sixty (60) days after the service upon [the defendant] of the statement of claim or any amendment thereto . . .

"The time in which a writ may issue may be extended by the court on cause shown."

Plaintiff's amended statement of claim was filed eleven months after the original. Thereupon the defendant, appellee, caused writs of scire facias to issue, joining as additional defendants these two appellants. The writs are objected to on the ground that they came too

late as the amended statement varied very little from the original and, so construed, was no amendment at all. The court below refused to quash the writs. There is no limit of time mentioned in the Sci. Fa. Act of 1929, as amended, within which a writ of scire facias must issue to join additional defendants. The matter is regulated by the common pleas courts, which must fix a reasonable time: *Carroll v. Quaker City Cabs,* 308 Pa. 345. The rule permits the scire facias to issue after "any amendment," and this court will not undertake to reverse a lower court under such a rule by determining whether the amendment is substantial or not. It is a matter solely within the discretion of the court which promulgated the rule: *Richter v. Scranton City,* 321 Pa. 430; *Haverford Township School District v. Herzog,* 314 Pa. 161. That discretion has not been abused in this case. The court below was interpreting its own rule, and, in the absence of an abuse of power, such interpretation is conclusive on us.

The order of the court below is affirmed, at appellants' cost.