Philadelphia *v.* Brill (Kindig, Appellant).

Argued December 1, 1937.   Before SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Ralph B. Umsted,* with him *Samuel A. Goldberg,* for appellant.

*Joseph H. Resnick,* with him *Michael D. Hayes,* Assistant City Solicitor, and *Joseph Sharfsin,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE LINN, January 3, 1938:

In a proceeding entitled City of Philadelphia v. Anna Brill, a tax lien for 1926 taxes was docketed against premises 528 W. Luray Street on September 14, 1928. By proceedings, apparently regular, judgment for want of an affidavit of defense was entered March 22, 1935, and damages assessed at $169.70. On a levari facias, the premises were sold, June 3, 1935, to Anna R. Lowry for $360.00. On June 10, 1935, the sheriff's deed to her was acknowledged and delivered. So the matter stood until October 6, 1936, when Bertha F. Kindig, now the appellant, filed her petition for leave to intervene in the proceeding and to move to set aside the sheriff's sale (petitioner offering to reimburse the purchaser, Anna R. Lowry) upon the ground that she had received no notice of the sale and that the price realized was less than the value of the property.

In her petition she averred that on October 28, 1925, she became assignee of a mortgage on the premises, and "was the real owner and the registered owner of premises 528 W. Luray Street for almost a year before the *levari facias* in this case went out . . . and was still the real and registered owner on the date of the execution of that said writ against real estate, to wit, June 3, 1935." The premises were not occupied by petitioner but by her tenant. The answer of Anna R. Lowry makes no effort to deny the facts averred by petitioner but asserts that the sale was made in com-

pliance with the provisions of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS section 2021 et seq., and that petitioner is too late in her application for relief.

The appellant petitioner makes a prima facie showing of obvious hardship but it is one for which the legislature furnishes no remedy. The statute allows one year (section 32, 53 P. S. section 2052) after the sale in which the owner may redeem; this petition was not filed until after the year elapsed. While petitioner asserts that she received no notice of the proceeding, the record shows that the scire facias was "posted and advertised"; if posted on the premises, as section 18 provided, petitioner's tenant should have seen it. She avers that Rule 96 (2) of the court below was not complied with, and that if it had been, she would have received notice. This rule, which includes two sections, is entitled "MORTGAGES—EXECUTION ON JUDGMENT BOND—NOTICE" and was held by the learned court below not to be applicable to sales for delinquent taxes; as to the power of the court to construe its own rules see *School District v. Herzog*, 314 Pa. 161, 171 A. 455; *Blessing v. P. R. T.*, 325 Pa. 12, 188 A. 573.

The Municipal Tax Lien Act provides in section 41 that it "shall furnish a complete and exclusive system in itself, so far as relates to tax and municipal claims . . ." Section 31 provides: "Upon the delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive as to all matters of defense which could have been raised in the proceeding, including payment, and no error or irregularity in obtaining or entering of such judgment shall effect the validity thereof."

No extrinsic fraud is averred (see *McEvoy v. Quaker City Cab Co.*, 267 Pa. 527, 533 et seq., 110 A. 366; *Powell v. Doyle*, 77 Pa. Super. Ct. 520). The mere fact

that the property was worth much more than the amount bid, is not of itself evidence of fraud in a sale for taxes.

The order appealed from is affirmed at appellant's costs.