## City of Philadelphia v. Lotter

*Robert B. Ely, 3d,* for petitioner.
*Michael D. Hayes,* contra.

KUN, J., April 14, 1938.—Following the sale of the premises involved in the above case for taxes and the execution of the sheriff's deed to the purchasers, a petition was filed by the heirs at law of Harriet S. Lotter, widow of defendant above named, who succeeded to the title under his will, praying that the writ of levari facias under which the property was sold be quashed, all proceedings thereunder be declared void, and that the sheriff's deed to the purchasers be canceled. It appears from the petition filed that the registered owner above named

died on March 30, 1932. His widow, who then acquired the title under his will, died on November 9, 1937, intestate. In the meantime, the taxes for 1932 not being paid, the tax lien for the same, as above, was filed on March 8, 1935. The taxes not being paid, the property was posted and advertised in December 1937, judgment was entered for want of a defense, a levari facias issued and the sale was had, all in due course.

Petitioners claim that they were entitled to receive notice of the execution by virtue of the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15 (*i*), and having received no such notice, the sale of the property in these proceedings was null and void. The section of the Fiduciaries Act here involved reads as follows:

"(*i*) No execution for the levy or sale of any real or personal estate of any decedent shall be issued upon any judgment obtained against him in his lifetime, unless his personal representatives have been first warned by a writ of *scire facias* to show cause against the issuing thereof".

Petitioners have cited the case of Cadmus v. Jackson, 52 Pa. 295 (1866), in which it was held that a somewhat similar provision of the Act of February 24, 1834, P. L. 73, relating to executors and administrators, applied to a tax sale, and, the decedent owner's personal representatives not having been brought on the record before the execution, the sale was declared void. Aside from the other considerations which we will note and which we consider controlling, it must be pointed out that in the case cited the city's judgment had been obtained in the lifetime of the decedent, so that the case fell within the wording of the section of the act of assembly referred to, whereas, in the instant case, no judgment had been obtained against defendant named in his lifetime, but had been entered against the name of defendant, although he was, in fact, dead at the time. This was a permissible practice under the Municipal Lien Act of May 16, 1923, P. L. 207, which we will refer to, because the proceedings

on a tax lien are essentially in rem and do not involve the rendition of a judgment in personam in any sense. We believe that the cited provision of the Fiduciaries Act has reference only to cases in which a judgment in personam had been "obtained against him [decedent] in his lifetime," as therein stated. It is in such case that no execution for the levy or sale of any real or personal estate of the decedent can issue unless his personal representatives have been first warned by a writ of scire facias. However, on execution following a judgment in proceedings on a tax lien, no other real or personal estate of the decedent can be sold. Only the real estate against which the tax lien was filed can be sold, for the reason, as stated, that this is a proceeding in rem.

However that may be, and assuming that the case cited would have been binding on us before 1923, it is clear to us that the contention of petitioners cannot now prevail, because of the municipal lien act, supra, which provides, in section 41 thereof, that it is the intention of the legislature "that [the] act shall furnish a complete and exclusive system in itself, so far as relates to tax and municipal claims". Section 10 of the act provides that a municipal claim shall set forth, inter alia, "2. The name of the owner of the property against which it is filed", and section 1 of the act provides that "The word 'owner,' as used in this [the] act, means the person or persons in whose name the property is registered". The sheriff's return on the scire facias sur municipal claim, issued in this case, discloses that no one was in possession of the property, whereupon a true and attested copy of the writ was posted on the most public part of the property, and the sheriff, being unable to ascertain the name of any person or persons having any interest in the property, advertised the writ for three successive weeks in a daily newspaper and The Legal Intelligencer. Thereafter, a judgment for want of a defense was duly entered, which was followed by the issuance of a writ of levari facias, under which the property was sold. All these proceedings were

strictly in accordance with the municipal lien act and are exclusive and conclusive.

According to the terms of the act, the only person required to be named in a municipal claim is the registered owner of the property. If this is done and the provisions of the act are otherwise complied with, the sale under the tax lien cannot be successfully attacked. Section 12 of the act provides for the joinder of personal representatives of a deceased defendant or others having any interest in the property, but this must be done on the motion of such persons, and this is so, as the section provides, whether the "owner [meaning the registered owner] has died either before or after filing the claim". This last provision shows that a tax lien may be entered against one who has died, if the decedent's name happens to be the registered owner on the record. As a practical matter, the law relating to the collection of tax claims must be as set forth in the statute. The city could not very well ascertain in every case who were the real parties in interest or whether the registered owner was living or dead, or if dead, who and where his heirs might be. It is for that reason that the municipal lien act provides that the word "owner", as used in the act, means the person in whose name the property is registered. When the sheriff goes to the premises to serve the scire facias, if he finds anyone in possession, he adds that person's name as a party defendant and serves him. If the property is vacant, a copy of the writ is posted. If, upon inquiry, the sheriff is unable to ascertain the names of interested parties, notice of the writ is advertised for three weeks. Such was the return made by the sheriff in this case. Persons interested in real estate, whether in the first instance or who become so by reason of the death of someone, are expected to keep themslves informed as to the liability of the property for taxes and as to the pendency of any proceedings to collect the same. As noted, provision is made in section 12 of the act for the assertion of any rights on the part of such persons, and permission is also given in

that section to the city to substitute as defendant and issue a scire facias against interested parties, obviously, if known or advised. However, there is no duty on the part of the city to find such persons and bring them on the record, or notify them in any way. The sheriff's return is conclusive. A very recent case, Philadelphia v. Brill, 328 Pa. 471, emphasizes this point. This was a rather hard case on the owner, who was, as a matter of fact, registered as such nearly a year before the levari facias went out, but evidently, after the proceedings for the collection of the taxes had been instituted, naming another person as the registered owner, who was such at the time. The last registered owner, who was the real owner at the time of the issuance of the levari facias and at the time of the sale, sought to have it set aside, claiming that he was entitled to have notice of the issuance of the writ of execution under Rule 96(2) of the Common Pleas Courts, but it was held that the rule, of which there are two sections, under the title of "Mortgages-Execution on Judgment on Bond-Notice", was not applicable to sales for delinquent taxes. The court held that inasmuch as the municipal lien act had been complied with and there was no extrinsic fraud alleged, the sale could not be set aside. The only remedy of the owner was the right to redeem the property within the time provided by the act.

Section 31 of the Municipal Lien Act provides:

"Upon the delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive as to all matters of defense which could have been raised in the proceeding, including payment, and no error or irregularity in obtaining or entering of such judgment shall effect the validity thereof."

The validity of the judgment cannot be impeached and there was no duty on the part of the city to notify the petitioners of the issuance of the levari facias.

We find no basis in this case for setting aside the sale. Petitioners, however, have ample time to exercise their right of redemption under the statute.

Rule discharged.