Philadelphia, to use, *v.* Brenner et al., Appellants.

Argued October 10, 1939. ▮▮▮▮▮▮▮▮▮▮

▮▮▮ Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ. ▮▮▮▮▮

*H. Rook Goshorn,* with him *Ralph B. Umsted* and *John R. Umsted,* for appellants.

*Robert Brigham,* with him *Warwick Potter Scott* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY PARKER, J., January 30, 1940:

This is an action in assumpsit on the official bond of a receiver of taxes for Philadelphia and his surety to recover damages claimed to have been suffered by Land Title Bank and Trust Company, the use plaintiff, by reason of an error in a certificate of search issued by the receiver with reference to the existence of tax liens. The defendants brought upon the record as additional defendants clerks who were responsible for the error. The case was heard by a judge without a jury and judgment was entered for the plaintiff against the original defendants and for the original defendants against one of the added defendants. The receiver and his surety have appealed to this court.

The proofs were made principally from the pleadings. Only one witness was called by the plaintiff and the defendants called no witnesses. There was little, if any, dispute as to the evidence, the defendants relying for a defense on the legal effect of plaintiff's evidence. Arthur D. Brenner, receiver of taxes for the city of Philadelphia for a four-year term beginning January 4, 1932, on entry into office gave the bond required by law for the faithful performance of his duties with the Continental Casualty Company as surety. In December, 1931, Gertrude H. Purnell, being the owner of a mortgage secured on premises No. 5854 Florence Avenue, Philadelphia, started foreclosure proceedings and obtained judgment in March, 1932. Before sale she applied to the use plaintiff for a locality claim search in order to ascertain what liens if any were prior to the mortgage, such a search including not only tax liens but also mechanics' liens, municipal liens, and water rents.

The use plaintiff then applied to Brenner, who was then receiver of taxes, for a tax certificate showing what if any taxes for the years 1927 to 1931, inclusive, were liens upon the property. Under the Acts of February 2, 1854, P. L. 21, §11 (53 PS §4831), and May 20, 1921, P. L. 936, §1 (53 PS §4942), the receiver of taxes is required to "furnish certificates of all taxes and claims which are a lien on real estate." The use plaintiff paid defendant Brenner the statutory fee for the certificate. On March 28, 1932, Brenner issued a certificate which by error failed to show taxes to be then due for the year 1929 when in fact liens for such taxes had been filed and were indexed in the locality index.

Mrs. Purnell proceeded with the foreclosure of her mortgage and took title to the premises in question by sheriff's deed dated April 11, 1932. In March, 1934, the city issued a scire facias upon its tax lien and proceeded thereon so that in December, 1934, the premises were sold by the sheriff to one Isabel M. Lowry, all without the knowledge of Mrs. Purnell. The purchaser demanded possession of the premises from Mrs. Purnell after the period of redemption had expired. Mrs. Purnell then made demand on the use plaintiff for the sum of $2,000, being the limit of its liability to her although it was conceded that the premises were in fact worth $10,000. The use plaintiff, after investigation, paid Mrs. Purnell the sum of $2,000 and brought suit on the official bond. By Act of April 13, 1872, P. L. 1140 (16 PS §1186), Brenner and his surety were made "liable and responsible for all loss or damage which may happen by reason of any false or erroneous certificate of search made or given by the said" officer.

The right of one receiving an incorrect or false certificate as to liens, from an officer required to furnish such information, to recover damages suffered as the result of such error has been recognized in a long line of cases in this Commonwealth and other jurisdictions: *M'Caraher v. Com.*, 5 W. & S. 21; *Houseman v. Girard Mutual*

458

*B. & L. Assn.,* 81 Pa. 256; *Owen v. Western Sav. Fund,* 97 Pa. 47; *Taylor v. Hammell,* 201 Pa. 546, 51 A. 316. Also, see Note 94 A. L. R., p. 1315, and cases there cited.

The principal defense raised below and in this court is that the plaintiff did not sustain the burden resting on it to show reliance by it on the certificate issued. When the trial judge, after hearing, found for the plaintiff he answered the written requests of plaintiff and defendants for findings of fact but otherwise made no specific findings, resting with the following conclusion: "The Court finds in favor of the plaintiff and against the defendants, Arthur D. Brenner and Continental Casualty Company, in the sum of ...... $2,258, and in favor of the said defendants, Arthur D. Brenner and Continental Casualty Company, against James Mc-Closkey, additional defendant, in the sum of $2,258, and in favor of James McCloskey, additional defendant, and against John J. Shields, additional defendant, in the sum of $2,258." The defendants had requested the court to find as a fact that plaintiff did not rely upon the certificate and the request was refused. In its opinion filed in support of the judgment for plaintiff, the court below said: "The trial judge found as a fact that the receiver of taxes furnished an inaccurate certificate to the use plaintiff, and that the latter relied upon the information contained therein and sustained damage by reason thereof." As this statement was not inconsistent with anything said when the original finding was made, we must accept the statement of the trial judge as to the basis of his finding.

As it remains to inquire whether there was sufficient evidence to support the finding, it is necessary to make a further reference to the evidence. August Zehner, assistant title officer of the use plaintiff, testified that the use plaintiff kept a plant record of its own which purported "to show all judgments and liens filed against every property in the city," and that that plant record

actually showed these unpaid taxes for 1929. It was the company's custom to check the plant record against the certificate showing the state of the official record and if a discrepancy was discovered its employees would seek an explanation before acting on either source of information. It is apparent that if the use plaintiff's clerks had made a proper examination of its plant record, which they did not do, they would have found that these taxes were unpaid and Mrs. Purnell would not have been advised that there were no unpaid taxes for 1929. Such circumstances, however, are not conclusive as to whether the title company relied upon the certificate of the receiver. The reasonable inference is to the contrary.

The title company did not rely upon its plant record to determine whether there was an existing tax lien upon this property and it was not its custom so to do where taxes were involved. The plant record was but a copy of the official record, affording an opportunity for errors in copying and recording. The title company, for its own protection, demanded, paid for and received a certificate authorized by law for the very purpose of protecting itself against just such possible errors as actually occurred here. Under such circumstances the trial judge sitting as a jury was justified in saying that the use plaintiff relied upon the certificate of the receiver of taxes. A layman has access to the public records and if he is interested in knowing whether there is a lien against a certain property he may look at the records, and if he properly examines them he will discover any existing liens. If such a one should go to the record and fail to find a recorded lien but should afterwards go to the receiver of taxes and ask for a certificate authorized by law, it would be no answer to the liability of the receiver for issuing a false certificate that if the person affected had properly examined the official record he would have discovered the lien. We find no difference in the two situations. It is most

apparent that when the Land Title Bank and Trust Company asked for and received a certificate provided for by statute, its purpose in so acting was so that it could rely upon the writing of a responsible officer.

The mere fact that the use plaintiff had on its books a record of the lien for these taxes was not actual notice to it of the lien when it was acting for Mrs. Purnell. The title company would only be charged with actual knowledge of the existence of the lien acquired in the course of the business in which it was then as agent engaged: *Houseman v. Girard Mutual B. & L. Assn.*, supra, p. 262.

It is next contended by appellants that the liability, if any, of the receiver of taxes is based on his negligence or the negligence of his employees, that the use plaintiff was guilty of contributory negligence and therefore cannot recover in this action. The contributory negligence alleged is that the use plaintiff did not make proper use of its plant record and if it had done so that record would have disclosed the taxes in question. The trial judge refused to sustain this defense and we think properly so. Much that we have said above applies here. This action was in assumpsit and not in trespass and the plaintiff had a right to institute the form of action which it did: *M'Caraher v. Com.*, supra. As was made clear in the M'Caraher case, the action in cases of this character is for a violation of a condition of the official bond, and if it is made to appear that the officer has failed to correctly show the condition of the record to one asking for a certificate, the person receiving the false or incorrect certificate is entitled to recover the damages suffered by him within the limits of the penalty of the bond, unless "the liability of the latter [the officer] was removed or extenuated in consequence of any peculiar circumstances attending the transaction" (p. 25). We deem it more satisfactory to consider the available defenses under such a classification, which is the broader one, rather than as contributory negligence.

We are not so much concerned with names or phrases as we are with rights. When the legislature made it the duty of the receiver of taxes to furnish certificates as to liens for taxes, the officer and sureties on his bond were made liable for a violation of those duties and the recipient of such certificate became entitled to reimbursement if he suffered a loss by reason of the issuance of an incorrect certificate. The evident purpose of the act was to make available, to one wishing to know, the exact state of the official record so that he might act on the information received. It recognized the fact that it required skill, practice, and special familiarity with the records to know the true state of the record. The law provided an authoritative source for the obtaining of such information. If we were to hold that one desiring to take advantage of such a certificate was obliged himself to explore other sources, it would require us to hold that the person wishing to know the state of the record should personally examine the record before acting. There would be just as much reason for requiring the skilled employees of the use plaintiff to make an actual examination of the indexes in the public offices as there would be for requiring him to examine and rely upon a private copy of those records which it happened to maintain in its own offices. This would defeat the purpose of the legislature. We therefore hold that, notwithstanding the fact that the use plaintiff did maintain a plant record which would have disclosed the existence of these liens and failed to use such plant record, nevertheless it could rely upon the certificate received and the fact that it did maintain such a plant record was not a peculiar circumstance which removed or extenuated the liability of the receiver of taxes and his surety or bars a recovery.

There is some authority for the rule that where the injury is to the plaintiff's property and arises as a result of defendant's negligence, the defense of con-

tributory negligence is available in cases of contract as well as in those of tort: 45 C. J., p. 978. The evidence shows that the error of the receiver of taxes was due to his negligence and it has been held in Pennsylvania that in an action for personal injuries, contributory negligence of an employee, as distinguished from voluntary assumption of risk, is a complete defense to an action based upon the violation of an act requiring the installation of certain safety devices: *Price v. New Castle Refractories Co.*, 332 Pa. 507, 514, 3 A. 2d 418. Even so, we are satisfied that the allegations of the defendants with reference to the conduct of the use plaintiff did not constitute contributory negligence if we consider the defense as one of contributory negligence. The use plaintiff contributed in no way to the negligence of the receiver of taxes involved in the making of the false or incorrect certificate and, notwithstanding the fact that the plaintiff might have avoided its loss by either examining the record itself or examining its own record, such conduct did not constitute such contributory negligence as would bar a recovery. When we give the defendant the benefit of all the peculiar circumstances attending the transaction we are in fact affording to him the same defense that would be available if we consider the defense as a claim of contributory negligence. In short, the circumstances relied upon did not remove or extenuate the liability of the receiver of taxes and his surety.

Finally, the defendant insists that the use plaintiff did not suffer any recoverable damages, alleging as a reason that Mrs. Lowry did not take a good title to the real estate formerly owned by Mrs. Purnell. The question of title as between Mrs. Lowry and Mrs. Purnell not having been legally determined in a previous legal action of which the defendants had notice, it must be conceded that the burden was on the use plaintiff to show that Mrs. Purnell lost title to her real estate, conceded to be worth $10,000, by reason of proceedings

brought and prosecuted to recover the taxes for the year 1929 not shown in the certificate issued by the receiver of taxes: *Orth v. Consumers Gas Co.*, 280 Pa. 118, 124 A. 296; *Murphy & Co. v. Manufacturers' Gas. Co.*, 89 Pa. Superior Ct. 281, 285. *Wise Shoes, Inc. v. Blatt*, 107 Pa. Superior Ct. 473, 164 A. 89. The use plaintiff assumed the burden resting on it and offered evidence tending to show a settlement with Mrs. Purnell and the payment of $2,000, and produced evidence tending to show title to have been in Mrs. Purnell as well as all the details of the proceedings at law employed to enforce the tax liens and accomplish the sale of the premises to Mrs. Lowry. This made a prima facie case.

The defendants replied that while the premises were correctly described in Mrs. Purnell's mortgage and in the writs issued in connection with the foreclosure of her mortgage, and were likewise correctly described in the certificate of the receiver of taxes, the description employed in the proceedings to enforce the tax lien was not the same and was not sufficiently accurate to convey title to premises formerly owned by Mrs. Purnell. The description contained in the tax lien and proceedings thereon was as follows. "ALL THAT CERTAIN lot or piece of ground situate on the South side of Florence Avenue, in the Fortieth Ward of the City of Philadelphia at the Southeast corner of Parkway Front 16 feet Depth 108 feet 6 inches on which is erected three story brick house and basement garage two brick garages and back building. #5854." While the defendants denied in their affidavit of defense that Mrs. Lowry "acquired a valid and indefeasible title" to the premises formerly owned by Mrs. Purnell, that defense was apparently abandoned at the argument in the court below by reason of the decision of the Supreme Court in *Philadelphia v. Brill*, 328 Pa. 471, 195 A. 884, that case apparently having disposed of all of the reasons assigned up to that time, in attacking the title acquired by Mrs. Lowry. Rule 38 of the court below requires the

brief or paper book filed in motions for new trial or for judgment n. o. v. to set forth a statement of the questions involved and assignments of error. The statement of questions involved and the assignments of error so filed do not indicate the particular defense now relied upon and the matter was not considered by the court below. For that reason we are not required to consider a defense raised for the first time in this court, and it would not be fair to convict the court below of error, when such question was not raised there: *Foulk v. Hampton*, 299 Pa. 272, 275, 149 A. 486; *Bennar v. Central Mausoleum Co.*, 304 Pa. 569, 572, 156 A. 239; *Weller & Weller v. Grange Co.*, 105 Pa. Superior Ct. 547, 549, 161 A. 615.

An examination of the matter on its merits would not lead to a different result. The tax lien and subsequent proceedings described the lot by its correct number and at best there was but a slight ambiguity as to one boundary of the premises. The lot in question claimed by Mrs. Purnell and the one described in the tax lien was lot No. 5854 on the south side of Florence Avenue and in the 40th Ward of Philadelphia. A more precise description would have been employed if it had referred to the lot as located at the southeast corner of Florence Avenue and 59th Street. The tax lien referred to the lot as located at the southeast corner of Parkway. Cobbs Creek Parkway runs at right angles to Florence Avenue as it approaches from the northwest and a continuation of that Parkway in a direct line forms what is known as 59th Street. Cobbs Creek Parkway veers to the right by a southeast course after it leaves the south line of Florence Avenue and continues in a southerly direction. It will be seen that in a sense Cobbs Creek Parkway, 59th Street, and Florence Avenue have a common intersection. The boundary referred to in the lien is not Cobbs Creek Parkway but simply Parkway, with the result that we have a slight ambiguity in one item of the description. Admitting

such ambiguity for the sake of argument, there is not the slightest difficulty in identifying the premises sold on the tax lien by reference to the balance of the description and there is nothing in the evidence that would make the question of description here one of fact for a jury. In any event the trial judge found for the plaintiff and such finding had the effect of the finding of a jury.

We have examined all of the remaining assignments of error with care but find nothing that calls for special consideration, and our conclusion is that there is no merit in them.

Judgment affirmed.