Middletown Borough, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued December 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*M. R. Metzger,* of *Metzger & Wickersham,* with him *Harold V. McNair,* for appellant.

*Paul D. Larimer,* with him *Harry M. Showalter,* for appellee.

*Thomas C. Evans,* with him *Harry K. Daugherty, George W. Keitel,* Assistant Deputy Attorney General, and *Claude T. Reno,* Attorney General, for Department of Highways, intervenor.

*W. S. T. Hurlock, Jr.,* of *Nauman, Smith & Hurlock,* for Pennsylvania Railroad Company, intervenor.

OPINION BY HIRT, J., January 30, 1941:

This is an appeal from the order of the Public Utility Commission abolishing and in part relocating a crossing in the Borough of Middletown where Catherine Street crosses the tracks of the Pennsylvania Railroad at grade. The commission after hearing, found "that the elimination of a traffic hazard as now exists at the Catherine Street crossing at grade, far outweighs the slight inconvenience which will be occasioned by vehicles" now using the crossing. Accordingly it was ordered that the crossing be abolished but that an underpass for pedestrians be constructed at the location of the existing crossing in accordance with plans submitted. The cost of the new structure was placed on the Department of Highways. The Pennsylvania Railroad was ordered, upon completion of the improvement, to maintain the subway including stairway and drainage facilities, lighting and cleaning of the structure.

There are four main tracks of the railroad in the crossing, as well as other tracks used as sidings. Fifty-five passenger trains pass daily over the main tracks at a maximum speed of 70 miles an hour and about eleven freight trains at lower speeds. There is a curve in the roadbed of the tracks in the vicinity of the crossing and there are buildings on four corners of the intersection near the railroad making it difficult for one to

observe the approach of a train. 519 feet west of Catherine Street in Wood Street there is a subway under the railroad for vehicular traffic and a similar underpass in Union Street, 539 feet east of Catherine Street. Both Wood and Union streets run through the borough approximately parallel with Catherine Street and all three provide access to State Highway routes. It is unnecessary to refer further to the testimony for its sufficiency to support the order is not questioned.

In answer to the petition and complaint filed by the State Highway Department, the borough alleged that the Act of January 2, 1934, P. L. 173, 36 PS 2715, which was invoked in bringing this proceeding, is "unconstitutional, illegal and void as to the Borough of Middletown." But the question of the constitutionality of this act was not raised in the hearing before the commission and was not passed upon by it nor is it raised by an assignment of error on this appeal. The question therefore is not before us. A question not raised in nor considered by the tribunal below will be ignored on appeal; it must also be ignored if not included in any assignment of error. *Foulk et al. v. Hampton*, 299 Pa. 272, 149 A. 486. Matters not raised nor considered below cannot be invoked on appeal even though they involve constitutional questions. *Montgomery Co. B. Assn. v. Rinalducci*, 329 Pa. 296, 197 A. 924. A question not raised in the assignments of error will not be considered by the Supreme Court although it does appear in the statement of questions involved. *Com. to use, v. Crow et al.*, 294 Pa. 286, 144 A. 135. The same principles apply to appeals to this court; we may not review a case on a theory different from that on which it was tried below. *Boro. of State College v. Pontius*, 112 Pa. Superior Ct. 440, 171 A. 293.

In its fifteenth assignment of error the borough questions the jurisdiction of the commission in a proceeding brought by the Department of Highways as peti-

tioner and complainant. Catherine Street is not part of a State highway. As to jurisdiction of the subject matter there can be no doubt. The Act of May 28, 1937, P. L. 1053, in §409(b), 66 PS 1179, gives the Public Utility Commission the power to abolish a crossing or order its alteration or relocation. As clearly indicating the exclusive jurisdiction of the commission in such proceedings, even though the final order deprives a borough of the control of its streets, see *Erie v. Public Service Com.*, 74 Pa. Superior Ct. 265; *Somerset County v. P. U. C.*, 132 Pa. Superior Ct. 585, 1 A. 2d 806; *Conshohocken Boro. v. Pa. P. U. C.*, 135 Pa. Superior Ct. 295, 5 A. 2d 590; *Penna. R. R. Co. v. P. U. C.*, 136 Pa. Superior Ct. 1, 7 A. 2d 86. By section 409(c) of the same act, the commission is given exclusive jurisdiction in the exercise of these powers *"upon its own motion or upon complaint."* There is no limitation upon the right of any individual, corporate body or entity to make the complaint. It implies the right of The Commonwealth to act through its administrative agent, the Department of Highways. In contemplation of a grant of Federal funds to pay that part of the cost of the closing and relocation of the crossing not assumed by the railroad, the Department of Highways as complainant brought this proceeding under the Act of January 2, 1934, supra. Section 2 of that act provides: *"Where any highway* or bridge which *is not a part of the State Highway System of the Commonwealth* has been, or may be, designated to be improved with funds received from the Federal Government, the Department of Highways shall have all of the powers and authority in the relocation, widening or construction of such highway which are now, or may hereafter be, conferred upon it with respect to State highways."* (Emphasis added). Because of the additional powers given the Highway Department by that act and the authority to make and carry out all contracts incident to improvements paid

for in whole or in part with Federal funds, the Department was a proper and appropriate petitioner. In a proceeding brought by any other complainant, the Department would have been a necessary party, since the project involved the expenditure of Federal funds on a grant to the Department of Highways. No part of the cost of the improvement was placed upon the borough and it will not be subjected to liability for damages. It is, therefore, unimportant that the borough has not consented to the closing of the crossing and the construction of the underpass. §2, Act of 1934, supra.

Order affirmed.