Commonwealth of Pennsylvania, Department of Highways, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued March 15, 1966.   Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Joel E. Mazor,* Assistant Attorney General, with
him *Howard M. Shaw,* Assistant Attorney General,
*John R. Rezzolla, Jr.,* Chief Counsel, and *Walter E.
Alessandroni,* Attorney General, for Commonwealth,
appellant.

*Dominic J. Ferraro,* Assistant Counsel, with him *Anthony L. Marino,* Assistant Counsel, and *Joseph C. Bruno,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*John C. Sullivan,* Assistant City Solicitor, with him *Spencer G. Hall,* City Solicitor, for City of Harrisburg, intervening appellee.

*Robert D. Hanson,* Solicitor, for County of Dauphin, intervening appellee.

*James E. Frick,* with him *H. Merle Mulloy,* for Reading Company, intervening appellee.

OPINION BY HOFFMAN, J., June 17, 1966:

On February 13, 1964, the City of Harrisburg instituted proceedings before the Public Utility Commission against the Reading Company, the County of Dauphin, and the Pennsylvania Department of Highways. The City's complaint alleged that the bridge carrying Thirteenth Street, a city street, over certain tracks of the Reading Railroad was in a severe state of deterioration. It further alleged that the bridge was a hazard to the travelling public and was in need of alteration or reconstruction. Answers were filed by all respondents and hearings were held on April 30, 1964, and January 27, 1965. The latter hearing resulted in an order sustaining the complaint, approving plans for the construction of a new bridge at an estimated cost of $162,617.35, and directing, inter alia, that the Department of Highways pay $25,000.00 as its share of such cost.

It is from this order that this appeal has been taken by the Department of Highways. The City of Harrisburg, the County of Dauphin and the Reading Company have been allowed to intervene.

Costs were allocated by the Commission under authority granted by §§409-411 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, 66 P.S. §§1179-1181. In *Wilkes-Barre v. Pennsylvania Public Utility Commission,* 164 Pa. Superior Ct. 210, 214, 63 A. 2d 452, 455 (1949), this court said that these sections of the Public Utility Law confer ". . . exclusive power upon the Public Utility Commission to regulate the construction, relocation, alteration, protection and abolition of the crossings of one utility by another, and to require that the work incident thereto 'be performed in whole or in part by any public utility or municipal corporation concerned or by the Commonwealth.' "

Appellant contends, however, that allocation of costs in this proceeding violates Article 9, §18 of the Pennsylvania Constitution, the Act of May 1, 1929, P. L. 1046, §§4 and 5, as amended, 72 P.S. §3564, the Act of May 21, 1931, P. L. 149, §10, as amended, 72 P.S. §2611j, and the Act of June 1, 1956, P. L. (1955) 1944, §1, August 13, 1963, P. L. 804, §1, 72 P.S. §2615.1.

In the instant case, as appellant's own brief indicates, appellant failed to attend the hearings of the Commission, and the constitutional and statutory questions now presented were neither raised nor considered below. *Middletown Borough v. Pennsylvania Public Utility Commission,* 143 Pa. Superior Ct. 444, 17 A. 2d 904, 906 (1941), involved an appeal from an order of the Public Utility Commission abolishing and relocating a crossing. Although appellant's answer to the complaint filed before the Public Utility Commission challenged the constitutionality of the Act involved, this issue was not raised in the hearing before the Commission and was not passed upon by it. The Court held that, "A question not raised in nor considered by the tribunal below will be ignored on appeal. . . . Matters not raised nor considered below cannot be invoked on appeal even though they involve constitutional ques-

172

tions." (p. 447). For this same reason appellant is precluded in this case from raising such questions at this time.

The remaining issue is whether the record sustains an allocation of costs against the Department of Highways. Appellant does not question the reasonableness of the amount of the allocation, but argues only that the evidence does not support any allocation.

After carefully considering the entire record we hold that there is evidence to sustain the conclusion of the Commission that the Commonwealth should share in the cost of the reconstruction of the bridge.

Order affirmed.

WATKINS, J., dissents.